Best & Co. v. Texas State Plumbing Examiners 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00395-CV







Best & Company, Appellant



v.



Texas State Board of Plumbing Examiners, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 94-15720, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING







 Appellant Best & Company ("Best") brought suit against appellee Texas State Board
of Plumbing Examiners ("Board") seeking a declaratory judgment that the Board did not properly
apply the relevant provisions of the Administrative Procedure Act ("APA") concerning Best's
request for approval to be a continuing-education provider for plumbers. See APA, Tex. Gov't
Code. Ann. §§ 2001.001-.902 (West Pamph. 1996). The district court ruled against Best, holding
instead that pursuant to the APA Best was not entitled to a formal contested-case hearing before
the Board. On appeal, Best argues in its sole point of error that the trial court erred by not
declaring that Best was entitled to a hearing. We will affirm.



FACTUAL AND PROCEDURAL BACKGROUND


 The Board requires journeyman plumbers, master plumbers, and plumbing
inspectors to complete a certain amount of approved continuing education in order to renew their
licenses. Best is a company that provides continuing-education programs for various professions. 
To qualify as an approved provider of continuing education for plumbers, Board rules require that
instructors be employed by a program that meets certification or exemption requirements of the
Central Education Agency ("CEA"):



(a) Any person wishing to offer continuing education in plumbing to the public
must meet criteria as prescribed by the board. Such persons shall provide
to the board instructor credentials for board approval. The board will
approve a course and textbook.


(b) Instructors must be licensees of the board, attend an instructor certification
each year conducted by the board, be certified by the Central Education
Agency, and be employed by a program that meets exemption or certification
requirements of the Central Education Agency.



18 Tex. Reg. 8786 (current version at 22 Tex. Admin. Code. § 365.14 (West 1996)).

 In an effort to satisfy these requirements, Best applied to the CEA for an exemption
pursuant to former section 32.12 of the Texas Education Code. See Texas Proprietary School
Act, 62nd Leg., R.S., ch. 620, § 1, 1971 Tex. Gen. Laws 2006, 2007-08, amended by Act of
May 25, 1977, 65th Leg., R.S., ch. 392, § 1, 1977 Tex. Gen. Laws 1075, 1075 (Tex. Educ.
Code. Ann. § 32.12, since redesignated in amended form at Tex. Educ. Code Ann. § 132.002
(West Supp. 1996)). Best's request for an exemption was initially granted by the CEA, but was
later withdrawn because of Best's failure to prove that it met the statutory requirements. See Tex.
Educ. Code. Ann. § 32.12(a)(5) (West 1987). Accordingly, because Best was neither certified
under nor exempt from the Texas Proprietary School Act, the Board denied Best's request to be
a continuing-education provider for plumbers. Best brought suit against the Board seeking a
declaratory judgment that the Board was obligated to provide Best an opportunity for a formal
evidentiary hearing before acting on its request for approval as a continuing-education provider. 
The district court denied Best's requested relief, and Best perfected this appeal.



DISCUSSION


 In Best's sole point of error, it contends that the trial court erred in holding that
Best was not entitled to a contested-case hearing before the Board regarding its request to provide
continuing education to plumbers. Best asserts both a statutory and a constitutional basis in
support of its contention.



Statutory Basis

 Best argues that, under the APA, its request initiated a "contested case." When an
administrative proceeding is a contested case, the APA mandates that certain minimum procedures
be followed, one of which is a formal evidentiary hearing. See APA §§ 2001.051-.178. Thus,
we must first address the specific APA requirements for a contested case. The APA defines
contested case as "a proceeding, including a ratemaking or licensing proceeding, in which the
legal rights, duties, or privileges of a party are to be determined by a state agency after an
opportunity for adjudicative hearing." APA § 2001.003(1).

 Best argues that the case of Big D Bamboo, Inc. v. State, 567 S.W.2d 915 (Tex.
Civ. App.Beaumont 1978, no writ), stands for the proposition that whenever an agency is called
on to make a "final" decision that will affect a party's rights, duties, or privileges, the proceeding
is a contested case. Because the Board's refusal to approve Best as a continuing-education
provider was, in this sense, a final determination, Best argues that it was entitled to a hearing
under the holding of Big D.

 Best misconstrues Big D. The court in Big D focused on what it considered to be
a "finality" requirement, i.e., that the term "determined" in the APA's definition of contested case
means that the decision made by the agency must have a binding effect rather than be merely
advisory. Id. at 918. The court focused on that requirement because, under the circumstances
of that case, finality was lacking and was, therefore, a dispositive issue. Finality is not, however,
the only statutory requirement created by the contested-case definition, and the Big D court did
not so hold. The present case, for example, concerns a different requirement of the definition: 
that the agency's determination is to be made "after an opportunity for adjudicative hearing." 
Accordingly, Big D is not controlling here.

 Best next argues that the Board's enabling act requires a hearing in these
circumstances, thus making the proceeding fall within the APA's definition of contested case. See
Plumbing License Law ("PLL"), Tex. Rev. Civ. Stat. Ann. art. 6243-101, §§ 1-15 (West Supp.
1996). Although closer, this argument also misses the mark.

 Best first argues that section 5(e) of the PLL entitles it to a hearing: "The Board
is subject to . . . the Administrative Procedure and Texas Register Act, as amended (Article 6252-13a, Vernon's Texas Civil Statutes)." PLL § 5(e). Best contends that, under this provision, the
APA is applicable to "all Board proceedings." It is unclear how this conclusion helps Best. If,
by this argument, Best means that every Board proceeding is a contested case or that every Board
decision must be made following contested-case procedures, it is clearly wrong and we reject the
argument. If, on the other hand, Best is simply arguing the general proposition that Board
proceedings are governed by the APA, it is not aided by this concept because the APA's hearing
procedures apply only to contested cases. Thus, any particular proceeding must still be shown
to come within the APA's definition of contested case in order to invoke contested-case
procedures. Accordingly, PLL § 5(e) does not advance Best's case.

 Best next argues that sections 9(c) and 9(d) of the PLL entitle it to a hearing before
the Board:



(c) If the Board proposes to refuse a person's application for licensure or to
suspend or revoke a person's license, the person is entitled to a hearing
before the Board. Grounds for suspension or revocation of a license due to
suspected incompetence or wilful violation by a licensee may be determined
through retesting procedures.


(d) Proceedings for the refusal, suspension, or revocation of a license are
governed by the Administrative Procedure and Texas Register Act, as
amended (Article 6252-13a, Vernon's Texas Civil Statutes).[1]

 

 [1]  Repealed; see, now, V.T.C.A., Government Code § 2001.001 et seq.



PLL §§ 9(c), (d).

 Best argues that when it requested the Board's approval to be a continuing-education provider, it was, in effect, applying for a "license," such that the Board was required
by PLL §§ 9(c) and (d) to provide Best a hearing before acting on the request. As support for this
contention, Best points to the APA's definition of "license" as including "a state agency permit,
certificate, approval, registration, or similar form of permission required by law." APA §
2001.003(2) (emphasis added). Because it was seeking "approval" and "permission" to be a
continuing-education provider, Best argues, it was applying for a license within the meaning of
PLL §§ 9(c) and (d). We disagree.

 The definitions contained in section 2001.003 of the APA apply only "[i]n this
chapter," i.e., in chapter 2001 of the Texas Government Code. See APA § 2001.003. Therefore,
those definitions do not indicate what the legislature intended the term "license" to mean as used
in the PLL. Although the term "license" is not defined in the PLL, an examination of the statute
as a whole makes it clear that the legislature was referring to the licensing of persons as master
plumbers, journeyman plumbers, or plumbing inspectors, not to a generic approval of a request
that is unrelated to those categories of licensees. See PLL §§ 2, 3, 5, 8, 8A, 8C, 9, 10, 11A, 12,
12A, 12B, 13, 14. We conclude that PLL §§ 9(c) and (d) do not require the Board to grant an
evidentiary hearing to persons requesting approval as continuing-education providers. 
Accordingly, those sections are of no assistance to Best.

 In order to be a contested case under the APA definition, an administrative
proceeding must be one in which the legal rights, duties, or privileges of a party "are to be
determined by a state agency after an opportunity for adjudicative hearing." APA § 2001.003(1)
(emphasis added). The phrase "are to be determined" has been the subject of debate among
commentators. See Robert W. Hamilton & J.J. Jewett, III, The Administrative Procedure and
Texas Register Act: Contested Cases and Judicial Review, 54 Tex. L. Rev. 285, 287-92 (1976);
Dudley D. McCalla, The Administrative Procedure and Texas Register Act, 28 Baylor L. Rev.
445, 448 (1976).

 We reject a proposed construction of the definition that would require an agency
to follow contested-case procedures any time rights, duties, or privileges of a party are
determined, without regard to whether an adjudicative hearing is required or provided. (1) See
Employees Retirement Sys. v. Foy, 896 S.W.2d 314, 316 (Tex. App.Austin 1995, writ denied);
Hamilton & Jewett, supra at 289-90. Beyond that, we need not decide the precise meaning of the
phrase "are to be determined," because we have concluded that (1) in the circumstances of the
present case, no statutory or constitutional provision required the Board to conduct an adjudicative
hearing on Best's request; (2) the Board did not provide any hearing to Best on its request, and
there is no evidence that the Board had, by rule, policy, or discretion, ever granted a formal
evidentiary hearing to a party making a similar request; and (3) in denying Best's request, the
Board was not exercising a judicial or quasi-judicial function. See Hamilton & Jewett, supra at
288-91. Accordingly, because Best's request was not "to be determined by [the Board] after an
opportunity for adjudicative hearing," it did not invoke contested-case procedures. The Board
therefore did not err in failing to provide Best a contested-case hearing.



Constitutional Basis

 Best next argues that denying its application to provide continuing education for
plumbers without an opportunity to present evidence at a contested-case hearing violated Best's
constitutional right to due process as guaranteed by both the Texas Constitution and the United
States Constitution. U.S. Const. amend. XIV, § 1; Tex. Const. art. I, § 19. We disagree.

 It is well established that procedural due process does not protect the mere
expectation of a property interest. Board of Regents v. Roth, 408 U.S. 564, 578 (1972). "[T]o
have a property interest in a benefit, a person clearly must have more than an abstract need or
desire for it." Id. Procedural due process protects only what actually belongs to the individual,
rather than recognizing that unfairness exists in the very act of disposing of an individual's
situation without allowing the individual to participate in some meaningful way. Pickell v.
Brooks, 846 S.W.2d 421, 426 (Tex. App.Austin 1992, writ denied). In the present case, Best
merely sought approval of its request to provide continuing education to plumbers. As already
discussed, Best failed to meet the requirements of the PLL requiring certification or exemption
by the CEA in order to be approved as a continuing-education provider for plumbers. We hold,
therefore, that Best did not have a constitutionally protected property interest in the status of being
an approved continuing-education provider, but at most had only an expectation of such status. 
The Board did not violate any due process right by denying Best's request without a hearing.



CONCLUSION


 We overrule Best's point of error and affirm the trial court's judgment.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: July 31, 1996

Publish

1.   By "adjudicative hearing," we think the legislature meant a hearing at which the
decision-making agency hears evidence and, based on that evidence and acting in a
judicial or quasi-judicial capacity, determines the rights, duties, or privileges of parties
before it.