**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,**

v.

**Alfonso CABANAS d/b/a La Estrella Sports Bar, Appellee.**

No. 05–09–00126–CV.

Court of Appeals of Texas, Dallas.

June 3, 2010.

Michael C. Crowley, Assistant Attorney General, Administrative Law Division, Austin, for appellant.

Timothy E. Griffith, Plano, for appellee.

Before Justices O'NEILL, LANG, and MYERS.

## OPINION ON REHEARING

Opinion By Justice LANG.

Appellant Texas Alcoholic Beverage Commission filed an agreed motion for rehearing. The motion for rehearing is

granted in part and denied in part. We withdraw our opinion issued April 28, 2010 and vacate our judgment of that date. The following is now the opinion of the Court.

The Texas Alcoholic Beverage Commission brings this appeal from the trial court's judgment reversing the Commission's order revoking the conduct surety bond of Alfonso Cabanas d/b/a La Estrella Sports (Cabanas). In two issues, the Commission argues that (1) the trial court's judgment nunc pro tunc that reversed the Commission's order was void, and (2) the Commission's order was supported by substantial evidence. For the reasons set forth below, we reverse the trial court's judgment, render a take nothing judgment on Cabanas's claims, and affirm the Commission's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 2004, the Texas Alcoholic Beverage Commission granted Alfonso Cabanas a "Wine and Beer Retailer's Permit" and a "Retail Dealer's on Premise Late Hours License," which permitted the sale of alcoholic beverages on the premises of La Estrella Sports Bar. Subsequently, Cabanas violated the Texas Alcoholic Beverage Code by "permitting consumption during prohibited hours" at La Estrella Sports Bar on three separate occasions: June 17, 2005, March 24, 2007, and July 28, 2007. As to each violation, Cabanas signed an "Agreement and Waiver of Hearing" by which he agreed to suspension for a period of time of La Estrella's permit to sell alcoholic beverages or in the alternative, a civil monetary penalty. Then, as to each violation, the Commission signed an order that "found" respondent waived a hearing, accepted the penalty assessed, and "violated those sections of the code as stated in the agreement and waiver of hearing."

On June 6, 2008, the Commission initiated a proceeding to revoke La Estrella's conduct surety bond, and sent Cabanas a "Notice of Hearing," alleging that "on or about October 9, 2007, Alfonso Cabanas, or his agent, servant, or employee, had three or more adjudicated violations of the Alcoholic Beverage Code or Rules ... for which [Cabanas] must forfeit [his] conduct surety bond, certificate of deposit, or letter of credit." A hearing was held on July 31, 2008 before the State Office of Administrative Hearings. During this proceeding, the Commission argued that the violations on June 17, 2005, March 24, 2007, and June 28, 2007 supported revocation of Cabanas's conduct surety bond. In response, Cabanas asserted that because he signed an "Agreement and Waiver of Hearing" for each violation, the violations were not "adjudicated" as required by section 33.24 of the Texas Alcoholic Beverage Code and did not support the revocation of the bond. Following the hearing, the Administrative Law Judge issued a "Proposal for Decision" in which he found that "the record was sufficient to establish that respondent had been finally adjudicated of three violations of the Code since September 1, 1995" and recommended that "respondent's surety bond be forfeited." The Commission adopted the "Proposal for Decision" by final order on October 17, 2008. Cabanas challenged the order by filing a Petition for Judicial Review in the trial court on December 17, 2008. The petition asserted jurisdiction pursuant to Section 11.67 of the Texas Alcoholic Beverage Code and Section 2001.171 of the Texas Government Code. The Commission responded by filing a plea to jurisdiction, arguing that Cabanas did not exhaust his administrative remedies.

After a hearing, the trial court signed a "Final Judgment" dated December 24, 2008, in which it stated, "the State Office of Administrative Hearings is RE-VERSED." Thereafter, on January 7, 2008, Cabanas filed a "Motion to Modify or Correct the Judgment," requesting the trial court to "reference the Defendant's order dated October 12, 2008" and "whether the reversal is based upon the fact the order is predicated upon error of law, is arbitrary or capricious, and/or is not supported by substantial evidence." On January 16, 2009, the trial court signed a "Judgment Nunc Pro Tunc," which concluded that the Commission's October 17, 2008 order was (1) not supported by substantial evidence, (2) affected by an error of law, and (3) arbitrary and capricious. The January 16, 2009 judgment stated that "the Order of the Defendant, Texas Alcoholic Beverage Commission, dated October 17, 2008, forfeiting the Plaintiff's conduct surety bond is hereby REVERSED" and also stated that the "judgment rendered on the 24th day of December 2008, is hereby corrected in conformity with this Corrected Final Judgment." The Commission timely appealed.

## II. FORFEITURE OF CONDUCT SURETY BOND

### A. Standard of Review

 Administrative decisions are reviewed under the substantial evidence rule. See TEX. ALCO. BEV. CODE ANN. § 11.67(b) (Vernon 2007). Under this standard, an administrative decision is reasonably supported by substantial evidence "if the evidence as a whole is such that a reasonable mind could have reached the same conclusion the judge reached in order to justify his decision." *Garza v. Tex. Alcoholic Beverage Comm'n,* 138 S.W.3d 609, 613 (Tex.App.-Houston [14th Dist.] 2004, no pet.); *See Tex. Alcoholic Beverage*

*Comm'n v. Sierra,* 784 S.W.2d 359, 360 (Tex.1990). Substantial evidence is more than a mere scintilla and less than a preponderance. *Garza,* 138 S.W.3d at 613. As such, the evidence may actually preponderate against the agency's decision, but nonetheless amount to substantial evidence. *Id.* The reviewing court's focus is on the reasonableness of the administrative decision, not on its correctness. *Morgan v. Tex. Alcoholic Beverage Comm'n,* 519 S.W.2d 250, 254 (Tex.Civ.App.-Texarkana 1975, no writ).

Whether substantial evidence exists in support of an administrative decision is a question of law. *Tex. Dep't of Pub. Safety v. Alford,* 209 S.W.3d 101, 103 (Tex.2006). In determining whether substantial evidence exists, the reviewing court may not invade the fact finding authority of the agency. *State Banking Bd. v. Allied Bank Marble Falls,* 748 S.W.2d 447 (Tex.1988). Further, the court may not substitute its judgment for that of the administrative agency. *Auto Convoy Co. v. Railroad Comm'n of Tex.,* 507 S.W.2d 718, 722 (Tex. 1974). Administrative decisions are presumed to be reasonable, and the burden is on the party seeking to set aside the agency decision to prove the decision was not supported by substantial evidence. *Four Stars Food Mart v. Tex. Alcoholic Beverage Comm'n,* 923 S.W.2d 266, 269 (Tex. App.-Fort Worth 1996, no writ). Where there is substantial evidence that would support the administrative agency's findings, the decision of the agency must be upheld. *Id.*

### B. Applicable Law

Under the Texas Alcoholic Beverage Code, an applicant must file a conduct surety bond in order to obtain an alcohol licence or permit from the Commission. TEX. ALCO. BEV.CODE ANN. §§ 11.11, 61.13 (Vernon 2007). The Commission may seek

forfeiture of the surety bond "when a license or permit is cancelled" or after "a final adjudication that the licensee or permittee has committed three violations of the Alcoholic Beverage Code since September 1, 1995." 16 TEX. ADMIN. CODE § 33.24(j)(1). The Commission "must notify the licensee or permittee, in writing of its intent to seek forfeiture of the bond." *Id.* Within 30 days of the Commission's notice to seek forfeiture, the licensee or permittee may "request a hearing on the question of whether the criteria for forfeiture of the bond, as established by the Alcoholic Beverage Code ... and this rule have been satisfied." *Id.* at § 33.24(j)(2). Following the hearing or upon waiver of the hearing, the Commission may enter a final order revoking the surety bond. *Id.* at § 33.24(j)(3). A person aggrieved by an administrative decision has the statutory right to seek judicial review from the administrative order after exhausting all administrative remedies available. TEX. GOV'T CODE ANN. § 2001.171 (Vernon 2008); *See Lindsay v. Sterling,* 690 S.W.2d 560, 562 (Tex.1985) (Texas Alcoholic Beverage Commission's orders are subject to judicial review pursuant to Administrative Procedure Act.).

■ Failure to maintain a surety bond may serve as grounds for cancelling or suspending a permit or licence. TEX. ALCO. BEV. CODE ANN. §§ 11.61(8)(Vernon 2007). If the Commission issues an administrative order cancelling, suspending, or refusing a license or permit, the Texas Alcoholic Beverage Code provides for an appeal to the district court. *See id.* at § 11.67. Section 11.67 requires that district court to render judgment no later than ten days from the date the appeal is filed. *Id.* After the ten day period, the district court loses its plenary jurisdiction and has the ministerial duty to sign a judgment affirming the administrative decision. *Garza v. Texas Alcoholic Beverage Comm'n,* 89 S.W.3d 1, 2 (Tex.2002).

## C. Application of Law to Facts

### 1. *Timely Rendition of Judgment*

■ In its first issue, the Commission argues that the trial court's January 16, 2009 judgment, described as a "Judgment Nunc Pro Tunc," is void because judgment was not timely rendered within 10 days after the lawsuit was filed, as required by section 11.67 of the Alcoholic Beverage Code. Accordingly, the Commission asserts the trial court lost its subject matter jurisdiction to render judgment. In support of its argument, the Commission states, "the Supreme Court in holding that Tex. Alco. Bev. Code § 11.67 creates an absolute deadline that judgment be rendered within ten days, also held that after the ten days had passed, the trial court only retained the ministerial power and duty to sign a judgment affirming the Commission's order." *Garza,* 89 S.W.3d at 2. We cannot agree with the Commission because Section 11.67, including its ten day limitation, is inapplicable to the order appealed to the district court.

In his petition for judicial review, Cabanas cited Section 11.67 of the Texas Alcoholic Beverage Code and the Administrative Procedure Act as the basis for the trial court's jurisdiction. Section 11.67, by its specific language, applies to appeals from administrative orders cancelling, suspending or refusing a permit or license. *See* TEX. ALCO. BEV. CODE ANN. § 11.67 (Vernon 2007); *Garza,* 89 S.W.3d at 2 (Section 11.67 provides that an appeal of a liquor license denial must be tried to a district court within ten days after it is filed.). The case before us is an appeal of an administrative order declaring forfeiture of a conduct surety bond pursuant to Section 33.24(j) of the Texas Administrative Code. *See* TEX. ADMIN. CODE

§ 33.24(j)(1). The administrative order does not address in any respect a liquor license. Although the Commission contends Section 11.67 applies to the facts before us, the Commission has not cited us to any authority demonstrating how Section 11.67 applies to the appeal of this administrative order revoking a conduct surety bond. Neither the plain language of Section 11.67 nor the record support the application of the ten day deadline in this case.

■■■ Cabanas invoked the district court's jurisdiction under the Administrative Procedure Act. Specifically, in his petition for judicial review, Cabanas cited Section 2001.171 of the Government Code and stated, "the Plaintiff files this petition seeking redress from this Court for the actions and order of the Defendant."[1] Final orders of the Commission are subject to judicial review under the Administrative Procedure Act. *See Lindsay*, 690 S.W.2d at 562; *See also Tex. Alcoholic Beverage Comm'n v. Rodriguez*, 2007 WL 1559815 (Tex.App.-Houston [1st. Dist.] May 31, 2007, no pet.) (mem.op) (Orders of the Texas Alcoholic Beverage Commission are subject to judicial review under section 2001.171 of the Administrative Procedure Act.). The Commission has not asserted any defect in the trial court's jurisdiction under the Administrative Procedure Act and we perceive none.[2] We cannot agree

with the Commission's contention that the nunc pro tunc judgment was void for lack of jurisdiction. Accordingly, we decide the Commission's first issue against it.

2. *Substantial Evidence*

■■■ In its second issue, the Commission argues the trial court erred by reversing the Commission's October 17, 2008 order revoking the conduct surety bond because that order was supported by substantial evidence. In response, Cabanas argues the order was not supported by substantial evidence because the "agreements" in which Cabanas agreed to pay a penalty or experience a licence suspension for violations of the code were not "adjudicated." Citing to *Big D Bamboo, Inc. v. State*, 567 S.W.2d 915, 918 (Tex.Civ.App.-Beaumont 1978, no writ.). Cabanas contends adjudication requires a hearing in which the agency decides the "legal rights, duties and privileges." He asserts that the agency "could not adjudicate the cases as there was no dispute between the parties."

■■■ Contrary to Cabanas's assertion, *Big D Bamboo* does not stand for the proposition that a hearing is required for a final adjudication. *See Big D Bamboo*, 567 S.W.3d at 918 (concluding that the Commission's order must be "final and determinative" in order to be entitled to an "adjudicative hearing."). Rather, an adjudication requires the agency to determine

---

1. Section 2001.171 provides that "a person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested cases is entitled to judicial review under this chapter." Tex. Gov't Code Ann § 2001.171 (Vernon 2008).

2. Section 2001.176 of the Administrative Procedure Act provides that a petition initiating judicial review from an administrative decision must be filed no later than 30 days after the final administrative decision and must be filed in a Travis County District Court. Tex.

Gov't Code Ann § 2001.176 (Vernon 2008); *Combined Specialty Ins. Co. v. Deese*, 266 S.W.3d 653, 665 (Tex.App.-Dallas 2008, no pet.). Although Cabanas filed suit in Dallas County, the Commission did not contest venue. Consequently, the Commission waived any contention that venue was mandatory in Travis County. *See Combined Specialty Ins.*, 266 S.W.3d at 666 (concluding that the 2001.176 requirement that the petition be filed in Travis County is a matter of venue rather than subject matter jurisdiction and can be waived).

"by final and determinative order ... the legal rights, duties, or privileges or the appellant, and in the absence of an appeal therefrom will be a final and binding decree...." *Id.; See Foster v. Teacher Retirement Sys.,* 273 S.W.3d 883, 887 (Tex. App.-Austin 2008, no pet.); *Best & Co. v. Tex. State Bd. of Plumbing Exam'rs,* 927 S.W.2d 306, 308 (Tex.App.-Austin 1996, writ denied).

In the case before us, the record reflects Cabanas signed an "Agreement and Waiver of Hearing" form for each of the three violations in question. Each "Agreement and Waiver of Hearing" set out the violation alleged, the proposed sanction, and a waiver of hearing. Included within each "Agreement and Waiver of Hearing" was a statement acknowledging that Cabanas's signature may lead to the forfeiture of the conduct surety bond. The Commission signed an order adopting the "Agreement and Waiver of Hearing" for each of the violations. Each order found that the respondent: (1) waived the hearing, (2) "violated those sections of the code as stated in the agreement and waiver of hearing," and (3) accepted the penalty assessed. Nothing in the record indicates that Cabanas contested any of the orders.

On this record, we conclude the orders for June 17, 2005, March 24, 2007, and July 28, 2007 violations were "final and determinative orders that set out the legal rights, duties, or privileges." *See Foster,* 273 S.W.3d at 887; *Best & Co.,* 927 S.W.2d at 308. Accordingly, the trial court erred in reversing the Commission order revoking the conduct surety bond because there was substantial evidence of a "final adjudication that the licensee or permittee has committed three violations of the Alcoholic Beverage Code since September 1, 1995." *See* Tex. Admin. Code § 33.24(j)(1). We decide in favor of the Commission on its second issue.

### III. CONCLUSION

We conclude the record contains substantial evidence supporting the Commission's "Order Adopting Proposal for Decision" that required Cabanas's conduct surety bond to be forfeited. Accordingly, the trial court erred by reversing the Commission's order. We reverse the trial court's judgment, render a take nothing judgment on the claims of Cabanas, and affirm the Commission's October 17, 2008 "Order Adopting Proposal for Decision." [3]

---

**3.** When we conclude the claims of the party seeking to set aside the administrative order are not meritorious and the administrative order is supported by substantial evidence, we "uphold" the administrative order and affirm it. *See Tex. Dep't of Pub. Safety v. Lavender,* 935 S.W.2d 925, 929 (Tex.App.-Waco 1996, writ denied); *Tex. Water Comm'n v. Lakeshore,* 877 S.W.2d 814, 818 (Tex.App.-Austin 1994, writ denied).