Affirmed and Opinion Filed February 19, 2013



In The

# Court of Appeals
## Fifth District of Texas at Dallas

---

No. 05-12-00635-CV

---

**TERRY JAMES, Appellant**

**V.**

**TEXAS WORKFORCE COMMISSION AND PTM HEALTHCARE SERVICES, INC.,**
**Appellees**

---

On Appeal from the 95th Judicial District Court
Dallas County, Texas
Trial Court Cause No. 11-14054

---

# MEMORANDUM OPINION

Before Justices Bridges, Lang, and Lewis
Opinion by Justice Lewis

Appellant Terry James appeals the trial court's summary judgment in favor of appellees, the Texas Workforce Commission ("TWC") and PTM Healthcare Services, Inc. ("PTM"). In five issues, James contends the trial court erred in failing to rule on two motions for sanctions against appellees' counsel, in granting the appellees' motion for summary judgment, and in failing to grant James's own motion for summary judgment. We conclude the dispositive issues before us are clearly settled in law. Accordingly, we issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4. We affirm the trial court's judgment.

## BACKGROUND

James worked for PTM as a home healthcare worker. PTM fired James, and he applied for unemployment benefits; the TWC denied his claim. James appealed that decision to the TWC's Appeal Tribunal. The Tribunal held a hearing and found that James had been terminated for "misconduct connected with the work," a statutory ground for denying unemployment benefits that is defined as "mismanagement of a position of employment" in any one of a number of ways, including violating company policies or rules. *See* TEX. LABOR CODE ANN. § 201.012(a) (West 2006). The Tribunal found specifically that PTM employees were required to submit timesheets on or before each scheduled payday. Following a history of late submissions by James, and complaints by him that he was being paid late, PTM counseled him that he was required to turn his timesheets in on time. When James untimely submitted his timesheets for two pay periods in a row, he was fired. The Tribunal concluded:

> Since the claimant was aware of the issue about when the timesheets needed to be received by the employer and when he was suppose[d] to get paid, this Appeal Tribunal finds that the claimant mismanaged a position of employment when he submitted his timesheets late, causing his pay check to be issued late. Therefore, the claimant was discharged for misconduct connected with the work. The determination dated June 9, 2011, disqualifying the claimant under Section 207.044 of the Act beginning May 29, 2011, will be affirmed.

James appealed the Tribunal's ruling to the TWC Commission, which affirmed the Tribunal in all respects, including adoption of the Tribunal's findings of fact and conclusions of law.

Having exhausted his administrative remedies, James filed suit against the TWC and PTM, seeking judicial review of the TWC's denial of his claim for unemployment benefits. The parties filed cross motions for summary judgment on the issue of whether there was substantial evidence to support the denial. The trial court granted appellees' motion. James now appeals to this Court.

## SUMMARY JUDGMENT ISSUES

James's third, fourth, and fifth issues challenge the trial court's rulings in the summary judgment proceedings. James contends the trial court erred by failing to grant his motion for summary judgment—or even to rule on it—and erred by granting appellees' motion.

### Failure to Rule on James's Motion

The trial court's final order grants the appellees' motion and does not specifically address James's motion. However, both motions in this case addressed the same essential issue: whether there was substantial evidence to support the TWC's decision to deny James unemployment benefits. By granting appellees' motion, the trial court ruled there was substantial evidence as a matter of law. That ruling necessarily implied that James's motion— which argued there was *not* substantial evidence—must fail. When the trial court's ruling granting one summary judgment motion necessarily denies another pending motion for summary judgment on the same issue, we imply the ruling of denial. *GCI GP, LLC v. Stewart Title Guar. Co.*, 290 S.W.3d 287, 291 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Because we imply the trial court's ruling of denial, we discern no error in the trial court's failure to make a written ruling on James's motion for summary judgment.

### Summary Judgment Rulings

We review a summary judgment motion de novo, and we ask whether the movant has established his right to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). On cross-motions for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). When the trial court grants one motion and denies the other, the reviewing court should determine all questions presented.

*Id.* We uphold a summary judgment on any ground supported by the evidence and pleadings. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

A TWC ruling regarding benefit payments carries a presumption of validity. *Collingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex.1998). The party challenging the ruling has the burden to show it was not supported by substantial evidence. *Id.* An administrative decision is supported by substantial evidence if the evidence as a whole is such that a reasonable mind could have reached the same conclusion the judge reached. *Tex. Alcoholic Beverage Comm'n v. Cabanas*, 313 S.W.3d 927, 930 (Tex. App.—Dallas 2010, no pet.). "Substantial evidence is more than a scintilla and less than a preponderance." *Id.* Indeed, the evidence may actually preponderate against the decision of the TWC, but nevertheless satisfy the substantial evidence standard. *Id.* Whether the TWC's decision is supported by substantial evidence is a question of law for the trial court. *Murray v. Tex. Workforce Comm'n*, 337 S.W.3d 522, 524 (Tex. App.—Dallas 2011, no pet.).

In this case, although the parties agree that James was fired, they disagree as to why he was fired. James contends he was fired in retaliation for filing a wage claim against PTM. The TWC decision adopted PTM's contention that James was fired for refusing to follow company rules and policies, specifically, the company's rule that timesheets had to be turned in on or before payday. It was James's burden in the trial court to show the TWC decision was *not* supported by substantial evidence. *See Collingsworth Gen. Hosp.*, 988 S.W.2d at 708. To be entitled to summary judgment, therefore, James was required to negate the TWC finding that he was fired for violating company rules about submitting timesheets. James contends in his motion that the PTM administrator, Christina Ikhile, told James's client that James was fired because the company was tired of him suing it. The client (who is James's cousin) testified to

that effect at the TWC hearing. James also contends Ikhile admitted during the TWC hearing that he was fired because the company was tired of him suing it.

Our review of the record, however, indicates Ikhile denied James was fired for suing the company and denied she told the client he was. Instead, Ikhile testified James was consistently late submitting timesheets, even after being warned. She testified she was the company administrator who fired James, and she stated that she did so because he refused to follow company rules about submitting timesheets. She testified concerning when James's last two timesheets were due, and when they were submitted; according to her testimony, both timesheets were late. As the fact finder in this case, the agency could believe Ikhile and disbelieve James's cousin-client. Ikhile's testimony is more than a scintilla of evidence: reasonable minds could believe her rather than a witness related to James. Thus, it meets the substantial evidence standard for the trial court's review. We cannot substitute our view of the evidence for the agency's, even if we might have decided the case differently. Because James did not negate the company's stated reason for firing him, he did not show himself entitled to judgment as a matter of law. Therefore, the trial court correctly (albeit implicitly) denied his summary judgment motion.

For appellees to have been entitled to judgment as a matter of law, they had to prove there *was* substantial evidence supporting the TWC's decision to deny James unemployment benefits. Again, Ikhile's testimony suffices to meet the substantial evidence test. Therefore, appellees were entitled to judgment as a matter of law, and the trial court correctly granted their summary judgment motion.

We overrule appellant's third, fourth, and fifth issues.

-5-

## Sanctions Issues

In his first two issues, James contends the trial court erred by failing to rule on his two motions for sanctions. The first motion sought sanctions against the TWC's counsel in response to the TWC's plea to the jurisdiction.[1] The second motion sought sanctions against PTM's counsel for purportedly filing an untimely and "fictitious" supplemental response in the summary judgment proceeding.[2] Our record does not contain orders resolving either motion.

Appellees respond that James failed to comply with local rules and, as a result, the motions were never before the trial court for a ruling. Both motions are in our record; neither motion contains a certificate of conference. Local rules require a certificate of conference on every civil motion, and a clerk is not permitted to set a hearing on the motion absent such a certificate. See DALLAS (TEX.) CIV. DIST. CT. LOC. R. 2.07(a) ("No counsel for a party shall file, nor shall any clerk set for hearing, any motion unless accompanied with a 'Certificate of Conference' signed by counsel for movant in one of the forms set out in Rule 2.07(c)"). The record does not indicate James sought to have a hearing set on either motion. The trial court could not have considered granting the sanctions motions without a hearing because of due process concerns. See, e.g., Magnuson v. Mullen, 65 S.W.3d 815, 823 (Tex. App.—Fort Worth 2002, pet. denied) (due process requires notice of possibility sanctions will be imposed and opportunity to be heard).

We conclude the trial court did not err in regard to either sanctions motion. We overrule James's first and second issues as well.

---

1. The TWC's plea contended that James had not strictly complied with the requirements of the Texas Unemployment Compensation Act because he did not timely file the suit and because he did not name all parties to the TWC proceedings as defendants.

2. The supplemental summary judgment response informed the trial court that James had been declared a vexatious litigant and had not posted security or obtained permission to sue as the vexatious litigant statute requires. We note that James's status has no bearing on our resolution of the summary judgment issues before us.

## CONCLUSION

We have decided all of James's issues against him. Accordingly, we affirm the trial court's judgment.


_____
DAVID LEWIS
JUSTICE

120635F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

TERRY JAMES, Appellant

No. 05-12-00635-CV    V.

TEXAS WORKFORCE COMMISSION &
PTM HEALTHCARE SERVICES, INC.,
Appellees

On Appeal from the 95th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 11-14054.
Opinion delivered by Justice Lewis.
Justices Bridges and Lang participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee TEXAS WORKFORCE COMMISSION & PTM
HEALTHCARE SERVICES, INC. recover their costs of this appeal from appellant TERRY
JAMES.

Judgment entered this 19th day of February, 2013.

DAVID LEWIS
JUSTICE