ACCEPTED
03-13-00285-CV
3982372
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/2/2015 3:21:27 PM
JEFFREY D. KYLE
CLERK

## NO. 03-13-00285-CV

## IN THE COURT OF APPEALS
## FOR THE THIRD JUDICIAL DISTRICT
## AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/2/2015 3:21:27 PM
JEFFREY D. KYLE
Clerk

## TEXAS COMPTROLLER OF PUBLIC ACCOUNTS,
*Appellant*

v.

## WALKER ELECTRIC COMPANY, LLC, WALKER'S
## ELECTRIC COMPANY, WALKERS ELECTRIC COMPANY,
## CALVIN G. WALKER, AND STACY WALKER,
*Appellees*

## ON APPEAL FROM THE
## 126TH JUDICIAL DISTRICT COURT, TRAVIS COUNTY, TEXAS

## APPELLEES' MOTION FOR REHEARING

**ACE PICKENS**
**State Bar No. 15972000**
**HUSCH BLACKWELL LLP**
**111 Congress Avenue, Suite 1400**
**Austin, Texas 78701**
**(512) 479-9709**
**(512) 479-1101 (Fax)**
Ace.Pickens@huschblackwell.com

**COUNSEL FOR APPELLEES**

**NO. 03-13-00285-CV**

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT
AT AUSTIN, TEXAS

---

TEXAS COMPTROLLER OF PUBLIC ACCOUNTS,
*APPELLANT*

V.

WALKER ELECTRIC COMPANY, LLC, WALKER'S
ELECTRIC COMPANY, WALKERS ELECTRIC COMPANY,
CALVIN G. WALKER, AND STACY WALKER,
APPELLEES

---

ON APPEAL FROM THE
126TH JUDICIAL DISTRICT COURT, TRAVIS COUNTY, TEXAS

---

APPELLEES' MOTION FOR REHEARING

---

TO THE HONORABLE THIRD COURT OF APPEALS:

## I.
## INTRODUCTION

By this motion for rehearing, Appellees, referred to by the court collectively as Walker Electric, ask this court to revisit its decision to

overturn the trial court's decision which denied the Comptroller's plea to its jurisdiction.

Rehearing is appropriate in this matter because the court's rulings that Walker Electric failed to invoke a valid waiver of sovereign immunity or did not present a justifiable controversy was in error.

## II.
## SUMMARY OF ARGUMENT

1. The facts relied upon by the Comptroller, to find fraud have been adjudicated in two subsequent cases to the contrary by Administrative Law Judges at SOAH. The Comptroller as a matter of law was mistaken.

2. The courts announced precedent of no right to a hearing under the APA, unless there exists an express statutory authority in the agency's enabling act, is contrary to prior case law. This court should confirm that the APA itself creates a right to a contested case hearing in those cases where the agency is required by express or an implied reading of the law, to hear evidence and based on that evidence acting in a judicial or quasi-judicial capacity determines the rights, duties or privileges of a party.

2

3.    Under APA, Section 2001.038, the Comptroller's rule was not applicable to Walker Electric.  The rule is only applicable where the facts evidence fraud.  As a matter of law, the facts relied on by the Comptroller are not applicable to its rule and jurisdiction exists for the district court to declare such.

4.    The Comptroller was not authorized and exceeded her authority in Walker Electric, under her rules, no fraud was provable.  Suits seeking to compel the Comptroller to comply with statutory or constitutional provisions, i.e. ultra vires, is not barred by sovereign immunity.

5.    Walker Electric rights are not merely abstract.  They stem from an independent source such as a state law that entitled Walker Electric to those benefits.  As such those rights are entitled to protections of due process when the Comptroller unjustifiably seeks to take those rights away.

Walker Electric will discuss these assertions further under the points set forth in its argument.

## III.
## ARGUMENT

1.    **THE COURTS DISCUSSION OF REGULATORY AND FACTUAL BACKGROUND.**

The court acknowledged that the Comptroller is (1) required to create and maintain a centralized Master Bidders List of Qualified Vendors who

3

are registered to bid on State contracts; (2) required, upon application, to certify a given vendor as a Historically Underutilized Business which state agencies or their general contractors are required to make a good faith effort to use HUBS for state projects; and (3) to completely bar vendors from participating in state contracts up to five years through a process called debarment for various reasons, upon appropriate proof, including alleged fraud under TEX. GOV'T. CODE, Section 2155.077(a)(3).

When debarred the vendor is removed from the Centralized Master Bidders List and any HUB certificate is revoked.

The Comptroller received a complaint from the International Brotherhood of Electricians. The Comptroller began an investigation of the allegations. She unjustifiably found fraud under 34 TEX. ADM. CODE, Section 20.105(d)(2).

Mr. Pigott of the Comptroller's office, without a hearing, debarred Walker.

Mr. Hubert, Deputy Comptroller, without a hearing, affirmed the erroneous decision of Mr. Pigott of fraudulent behavior in the performance of a government contract.

The basis of the Comptroller's decision was the unsupported claim that Walker Electric had committed fraud by the plea to a misdemeanor

4

violation of 26 U.S.C., Section 7203 and the plea agreement amounted to an admission of altering documents to the Beaumont Independent School District which by implication amounted to charging the school district for the materials which were not used in the project.

The Commission and Texas Department of Licensing and Regulation has adjudicated two contested cases since the Comptroller's unsupported assertion in this matter. Both found the Comptroller's unadjudicated assertions without merit.

In State Office of Administrative Hearings' (SOAH) PFD in Docket No. 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.ELC, the Administrative Law Judge of SOAH found in Conclusion of Law No. 8 that the same Federal misdemeanor offense of failure to file returns, supply Information or pay a tax, under 26 U.S.C., Section 7203, does not include an element of intent to defraud and is not a crime against property. (emphasis added).[1] This PFD was adopted without charge by the Commission.

Another Docket 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.ELC at SOAH, also related to Mr. Walker. The issue of the alleged altered documents was an issue in

---

[1] SOAH Docket No. 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. *Texas Department of Licensing and Regulation v. Calvin G. Walker d/b/a Walker Electric Company and Walkers Electric Company* (TDLR No. ELC 201 3000 7467). To access a copy of the Proposal for Decision (PFD) utilize the web page for the State Office of Administrative Hearings (SOAH). Soah.tx.us; Electronic Case Files. Enter the SOAH docket number above, then press search. Scroll to the PFD where an official copy is maintained by SOAH. In this matter the agency entered an order adopting the PFD without charge.

5

this matter.[2] The same plea document as was involved in this case was alleged to include 16 TEX. ADMIN. CODE, Section 73.60(d) which states a licensee shall not…(3) engage in any activity that constitutes dishonest misrepresentation, <u>fraud</u> while performing as a licensee. The ALJ in the above docket found in Finding of Fact No. 27 that the altered documents were not submitted for payment, were not submitted for the purpose of dishonest or <u>fraud</u>, and were <u>not</u> intended to represent or <u>misrepresent</u> anything to BISD. Further, Finding of Fact No. 28 finds the evidence did <u>not</u> show that Mr. Walker engaged in an activity that constituted dishonesty, misrepresentation, or <u>fraud</u>, by submitting such documents to Beaumont Independent School District (BISD). Conclusion of Law No. 10 concludes that Mr. Walker did not violate 16 TEX. ADMIN. CODE, Section 73.60(d)(3) as alleged in Allegation No. 49. The PFD's findings of fact and conclusions of law were adopted by the Commission.

As can be seen from a review of the above adjudicated cases the Comptroller exceeded her authority in her attempt to find fraud.

---

[2] SOAH SOAH Docket No. 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. *Texas Department of Licensing and Regulation v. Calvin G. Walker d/b/a Walkers Electric Company and Walkers Electric Company*. To access a copy of the Proposal for Decision (PFD) utilize the web page for the State Office of Administrative Hearings (SOAH). Soah.tx.us; Electronic Case Files. Enter the SOAH docket number above, then press search. Scroll to the PFD. Here is an official copy is stored. The agency adopted the findings of fact and conclusions of law of the ALJ in the above docket.

AUS-6044683-2 6060904/1

Under the facts surrounding the Comptroller's decision to debar, the Comptroller had no reason to determine that Walker Electric had committed fraud or material misrepresentations during the course of performing a contract with a state agency. These decisions were made in the back office not in the light of day of an adjudicative hearing as was the case in the above dockets. Had Walker been allowed to have a contested hearing in this matter the same result would have occurred and Walker Electric's right to do business with the state, the ability to be on the State's Master Bidder List and the HUB Certification would have been maintained. Instead the Comptroller, behind closed doors, ignored the law and rules and acted to the detriment of Appellees.

## 2.   CONTESTED CASE HEARING.

The court states that the Austin Court of Appeals has repeatedly held that, absent express statutory authority, the APA does not independently provide a right to a contested case hearing under the APA, Sections 2001.003(1) and 2001.171. The court states that Walker Electric has not provided argument as to why the court should depart from its precedent. The court further states that in absence of such argument, the court will not conclude that the APA itself creates a right to a contested case hearing.

7

This same precedent is discussed at length in Professor Beal's textbook. Ronald L. Beal, <u>Texas Administrative Practice and Procedure</u> (LEXIS Law Publishing, 15th ed. 2012, Chapter 5, Section 5.7.1 et. seq.).

Professor Beal points out that in the 20 years plus history of the APA, there have only been a few reported decisions regarding the right to a contested case hearing. He cites six such cases. These are: *Eldercare Props., Inc. v. Tex. Dep't of Human Servs.*, 63 SW3d 551 (Tex. App.—Austin 2001); *Best & Co. v. State Bd. of Plumbing Examiners, 927 SW2d 306 (Tex. App.—Austin 1996); Ramirez v. Texas State Bd. of Medical Examiners,* 927 SW2d 770 (Tex. App.—Austin 1996); *H. Tebbs, Inc. v. Silver Eagle Distributors, Inc.*, 797 SW2d 80 (Tex. App.—Austin 1990); *Madden v. Texas Bd. of Chiropractic Examiners,* 663 SW2d 622 (Tex. App.—Austin 1983; writ ref'd n.r.e.); and *Big D Bamboo, Inc. v. State*, 567 SW2d 915 (Tex. Civ. App.—Beaumont 1978).

Professor Beal is of the opinion that due to lack of litigation on this subject, it is apparent that Texas agency officials have liberally construed the right to such a hearing.

Professor Beal acknowledges that the APA lacks any express coverage section delineating exactly when one has a right to a contested case proceeding. However, he points out that the Texas Bar Committee

8

that drafted the APA intended that the definition of a contested case would constitute such a right. He is of the opinion that the definition section of the APA was intended by the committee to expand the coverage of contested cases beyond that required by the agency's enabling legislation and to require agencies to hold such trial type proceeding any time they were determining the legal rights, duties or privileges of a party.

He points out that this court in 1996 *Best & Co. v. State Bd. of Plumbing Examiners*, 927 SW2d, 306, 308-09 (Tex. App.--Austin, 1996) rejected any strict proposition that the definition of a contested case necessarily required the procedure at any time. He points out that under the facts of that case, there was no constitutionality or statutory provision requiring an adjudicated hearing (in that Best did not have a plumbing license and was only applying for a privilege of conducting educational programs to plumbers).

Professor Beal points out two other cases where this court has held that a contested case was mandatory because the statute governing the agency either expressly or by implication required an adjudicated hearing. *Ramirez v. Texas State Bd. of Medical Examiners*, 927 SW2d, 770, 772-73 (Tex. App.—Austin 1996); and *Madden v. Bd. of Chiropractor Examiners*, 663 SW2d 622, 624 (Tex. App.—Austin, 1983 writ ref. nre).

9

He states absent an express statutory requirement to hold a contested case hearing, the analysis should focus on what is implied in the statute as it relates to the definition of a contested case as set forth in the APA. He asserts that if the statute when read as a whole contemplates an adjudicative hearing then one is mandated.

Professor Beal points out that this court has held an "adjudicative hearing." An adjudicative hearing is a hearing at which the decision-making agency hears evidence and based on that evidence and acting in a judicial or quasi-judicial capacity determines rights, duties, or privileges of the party before it. He cites *Foster v. Teacher Ret. System*, 273 SW 3d 883 (Tex. App.—Austin 2008); *Ramirez v. Texas State Bd. of Medical Examiners*, 927 SW2d 770, 772-73 (Tex. App.—Austin, 1996); and *Best & Co. v. Texas State Board of Plumbing Examiners*, 927 SW2d 306, 309 (Tex. App. Austin, 1996, writ denied). He states that the Texas Supreme Court has held that an agency has been vested with quasi-judicial power when the agency in the exercise of its function is required to pass upon facts and determine its action by the facts found or when the agency has the power to issue and cause process to be served, to enter orders which are final, unless set aside on appeal and to enforce its judgments

10

which govern the rights of the parties. *Missouri, Kansas & Tex. Railway Co. v. Shannon*, 100 Tex. 379, 100 SW 138, 141 (Tex. 1907).

He is of the opinion that even when the governing statute does not expressly call for a contested case hearing, but one is clearly implied, as in this matter, that such a statutory mandate requires an "adjudicative hearing" under the APA definition of a contested case hearing. He also points out that this court suggests that the right may exist if historical practice of an agency demonstrates that it routinely provided the right to such a hearing under circumstances involved. He also pointed out that the Austin Court has held that even though a contested case hearing was not mandated by the express or implied language of the statute, when the agency has given the party notice it would conduct a contested case hearing then it was bound to do so.

Professor Beal states that the right to a contested case hearing is far broader than relying merely on an express statutory grant and, in fact, the Austin courts interpretation is actually consistent with the Bar Committees attempt to have the right to a contested case hearing to the norm instead of the exception to agency decision making.

He states, unfortunately the Austin court has placed a cloud over these holdings and principles by stating in its five most recent decisions

11

that a person or entity had no right to a contested case proceeding under the APA unless the statute governing the agency expressly requires such a hearing.

Professor Beal states that it is clearly incumbent upon this Court to overrule these holdings as simply inconsistent with existing precedent or to clarity whether it truly intended to overrule existing case law.

Walker Electric would join with Professor Beal's request that this Court confirm that the APA itself creates a right to a contested case hearing in those cases where the agency hears evidence and based on that evidence acts in a judicial or quasi-judicial capacity and determines the rights, duties or privileges of a party before it.

Walker Electric would respectfully request this court, on rehearing, to find that the statutory scheme involved by implication required the Comptroller to determine the legal rights or privileges of Walker Electric and acted in a judicial or quasi-judicial capacity to determine Walker Electric's rights or privileges.  As such, the Comptroller is required under the definition of contested case in the APA to hold a contested case under the APA.  Thus, the APA affords the right of judicial review and removed any question of sovereign immunity.

12

### 3. **VALIDITY OF ADMINISTRATIVE RULE.**

The court states that Walker Electric asserted that the Comptroller's rule defining grounds for debarment is invalid because it is inconsistent with the debarment statute. The court also states that Walker Electric also states that APA, Section 2001.038 waives sovereign immunity when Walker Electric sought a declaratory judgment action seeking to invalidate Rule 20.105.

The court is mistaken that all Walker Electric sought was to invalidate this rule. The pleading in this matter, Section G, asserted that the application or applicability of 34 TEX. ADM. CODE, Section 20.105 as to the facts of this matter are such that the rule does not apply to Walker Electric. The rule only allows debarment when fraud is proven. Therefore, the rule is not applicable to Walker Electric. Walker Electric is entitled to a declaratory ruling under APA, Section 2001.038 declaring that under the facts of this matter Rule 20.105 is not applicable as no fraud was involved in Walker's plea to a Federal misdemeanor as has now been confirmed in two adjudicated cases at the State Office of Administrative Hearings. See Footnote 1 and 2.

As such, one of the main arguments of Plaintiff in its pleading relates to its contention that Rule 20.105 has no application or applicability to

13

Walker Electric coupled with the fact that the rule interferes with or impairs a legal right or privilege of Walker Electric. Therefore, then the trial court had subject matter jurisdiction under APA, Section 2001.038 and defeats the Comptroller's argument relating to sovereign immunity. *Texas Dep't of State Health Servs. v. Balguinta,* 429 SW3d 726, 744 (Tex. App.—Austin 2014, pet. filed) and *Texas Logos,* 241 SW3d 105, (Tex. App.—Austin 2007, no pet). Therefore, Walker Electric pled a justifiable controversy and the trial court had subject matter jurisdictions.

## 4. ULTRA VIRES.

The court is correct that Walker Electric asserted in its pleadings that Section 2155.077 of the Government Code does not authorize the Comptroller to debar vendors for fraud when the conduct alleged to be wrongdoing is not fraud.

The court goes through an exercise relating to TEX. GOV'T. CODE, Section 2155.077(a) and states the Comptroller can debar a vendor upon proof the vendor has committed fraud (whether it was against a federal, state or local unit). However, there was no fraud whether against a federal state or local unit as shown above in the Walker Electric misdemeanor Federal plea. This would have been adjudicated appropriately at trial as it

14

has been done two times since the filing of Plaintiff's pleading in this case. See Footnotes 1 and 2.

Walker Electric asserted that the Comptroller's action was based on an erroneous decision that the plea to a misdemeanor federal matter involved fraud. It did not. Therefore, this suit seeking to compel a governmental official to comply with statutory or constitutional provisions, i.e., an ultra vires suit is not barred by sovereign immunity. *City of El Paso v. Heinrich*, 284 SW3d 366, 372 (Tex. 2009).

The Plaintiff's original petition has raised sufficient facts to assert a valid ultra vires claim. The Comptroller had no authority to find that fraud was involved in the Federal plea in question. As such, these claims are not barred by sovereign immunity. *Heinrich,* 284 SW3d 366.

The court has found that Walker Electric has failed to allege an ultra vires claim under TEX. GOV'T. CODE, Section 2155.007(a) because it raised a question that fraud was arguably only considered when committed against the state or state agency. Nevertheless, fraud is the only basis for action under TEX. GOV'T. CODE, Section 2155.077(a) and facts exist or could plead that fraud of any kind was not applicable under this section.

Even if Walker Electric did not plead consistent with the requirements of *Henrich*, 284 SW 3d, 372, there are other allegations that could be made

15

AUS-6044683-2 6060904/1

that the Comptroller acted without legal authority. There is simply no incurable defects that exist. This issue is one of pleading sufficiency. Walker Electric should be afforded the opportunity to amend *Scott v. Alphonso Crutch, LC Charter School, Inc.,* 392 SW3d 165, 171 (Tex. App.—Austin 2010).

### 5.   DUE PROCESS AND DUE COURSE OF LAW.

The court acknowledges that administrative decisions may be attacked in court if they adversely affect a vested property right or otherwise violate some provision of the State or Federal/Constitution. *Citing Cas. Ins. Co. v. Functional Restoration Assoc.,* 19 SW3d 393, 404 (Tex. 2000).

The court asserts that Walker Electric property rights only relates to a right to contract with the state in the future.

Walker Electric would agree that due process remains inapplicable unless the agency action affects a protected interest. *Bell v. Tex. Workers Comp. Comm'n,* 102 SW3d 299, 304-305 (Tex. App. – Austin 2003.

To determine whether an interest is protected, the courts generally look to the nature of the interest at stake. *Goss v. Lopez,* 419 U.S. 565, 572 (1975).

16

But in modern times the courts have rejected the wooden distinction between what was previously considered a right or a privilege. Id. Today, liberty is much broader then physical liberty and now includes among other things, the right of an individual to contract, to engage in commercial occupations of life, to acquire useful knowledge, to marry, and generally enjoy these privileges long recognized as essential to the orderly pursuit of happiness by free persons. *Bd. of Regents v. Roth*, 408 US 565, 569-70 (1972).

It is acknowledged that while the state may touch upon, hinder or modify ones' exercise of the liberties considered affected in the constitutional sense, the action must affect the persons good name, reputation, honor or integrity or impose a stigma or other disability that foreclosed the persons freedom to exercise the interest in the future. *Bd, of Regents v. Roth*, 408 US at 573-574.

One must show a legitimate claim of entitlement that is more than an abstract need or desire or more than a unilateral expectation. They must stem from an independent source such as a state law that entitles citizens to certain benefits.

17

When a person shows that he or she is entitled to the statutory benefits, the legitimate claim of entitlement deserves constitutional procedural due process.

Walker Electric had a statutory right and benefit to apply for and be placed on the centralized Master Bidders List under Sections 2155.261-270 of the Government Code.

Walker Electric had a statutory right and benefit to apply for and be listed as a Historically Underutilized Business (HUB) under Section 2161.001 of the Government Code.

Walker Electric had the right to contract with the state, until the Comptroller debarred it for activities which were not proven a violation of TEX. GOV'T CODE, Section 2155.0779(3)(a).

The Comptroller's unauthorized revocation of Walker Electric from the HUB listing, removal from the Centralized Business and barring of Walker Electric from doing business with the state for five years was contrary to due course of law without a valid hearing.

These rights stemmed from an independent source that being the law and rules referred to above. These rights were not merely abstract. These rights were subpart to a valid due process right when the statue unjustifiably took them away.

18

AUS-6044683-2 6060904/1

The court asserts that the debarment (plus revocation of the HUB certificate and removal from the Centralized Master Bidders List) only relates to the right to contract with the state in the future. This is not the only right, benefit or vested interest that is of concern. A protected right involved is to the good name of Walker. The reputation and good name of Walker's Electric was called into question. Certainly, the Comptroller's impermissible actions imposes a stigma or other disability that foreclosed the Walker Electric freedom to exercise the interest protected in the future. *Bd. of Regents v. Roth*, 408 US at 573-574. These actions are not barred by sovereign immunity. *City of El Paso v. Hernandez.*

Here Walker Electric was entitled to the statutory benefits and constituted due process protection.

In *Scott v. Alphonso Crutch, LC Charter School, Inc.,* 392 SW3d 165, the court found that when there is a pleading in sufficiency an opportunity to amend should be given. Other protected rights, other than the right to contract with the state in the future, could be at issue. Therefore, the court should afford an opportunity to amend its pleadings prior to extinguishing Walker Electric's protected rights.

19

## IV.
## CONCLUSION/PRAYER

Walker Electric in this Motion for Rehearing has submitted one or more valid reason for this count to grant this motion.

Walker Electric would respectfully request that this court, after further review, find that the trial court was correct in its denial of the Comptroller's plea to jurisdiction.

Respectfully submitted,

Husch Blackwell, LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 479-9709
(512) 479-1101 (fax)

By: /s/ Ace Pickens
Ace Pickens
ace.pickens@huschblackwell.com

State Bar No. 15972000
COUNSEL FOR APPELLEES

20

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document contains 3,865 words, according to the word count of the computer program used to prepare it, in compliance with Rule 9.4(i)(2), excluding exempt items.

*/s/ Ace Pickens*
**ACE PICKENS**

## CERTIFICATE OF SERVICE

I hereby certify by my signature below that a true and correct copy of the foregoing document has been served on counsel of record for Appellants via E-filing on the 2nd day of February, 2015.

Kristofer S. Monson
Assistant Solicitor General
Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
kristofer.monson@oag.state.tx.us

*/s/ Ace Pickens*

21