Hugo RAMIREZ, Appellant,

v.

TEXAS STATE BOARD OF MEDICAL EXAMINERS, Appellee.

No. 03–95–00657–CV.

Court of Appeals of Texas, Austin.

July 31, 1996.

Geoffrey D. Weisbart, Hance, Scarborough, Woodward & Weisbart, L.L.P., Austin, for Appellant.

Dan Morales, Attorney General, Jennifer Gilchrist, Assistant Attorney General, General Counsel Division, Austin, for Appellee.

Before POWERS, JONES and B.A. SMITH, JJ.

JONES, Justice.

Appellant Hugo Ramirez ("Ramirez") applied to the Texas State Board of Medical Examiners (the "Board"), appellee, for reinstatement of his medical license, which had been revoked in 1987. After hearing Ramirez's presentation, the Board denied his request. The Travis County District Court affirmed the Board's decision. On appeal to this Court, Ramirez complains, *inter alia*, that the Board erred in failing to follow contested-case procedures with respect to his application for reinstatement. We agree and will reverse the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Ramirez practiced medicine as an obstetrician and gynecologist in Pasadena, Texas. After branching out his practice into the technique of liposuction, he had a series of complications in his liposuction patients. The Board investigated and, in 1987, revoked Ramirez's license. Ramirez repeatedly applied to the Board for reinstatement, but was unsuccessful on each occasion.

On June 22, 1994, Ramirez appeared at a hearing held by the Board to consider his reapplication for reinstatement. He was allowed to present evidence that he had practiced medicine in Colombia sporadically, attended medical seminars in this country, and in 1989 completed a three-month re-education course for physicians. Ramirez also proffered evidence of his re-education program, which showed that he had accumulated over one thousand hours in continuing medical education since 1987. In addition, Ramirez offered sworn testimony regarding the value to him and to the public of his reinstatement as a licensed medical practitioner in Texas.

During the hearing, the Board did not offer any testimony, nor did it enter exhibits into the record. After the Board came out of executive session, various members questioned Ramirez. Following this, the Board voted seven to five to refuse reinstatement to Ramirez. In rejecting Ramirez's application for reinstatement, the Board considered written materials that were neither admitted into evidence nor provided to Ramirez before or during the hearing. In addition, the Board did not enter findings of fact and conclusions of law in support of its order. Ramirez appealed to the district court, which affirmed the Board's action.

## DISCUSSION

■ The Board concedes that it did not follow the procedures mandated by the Administrative Procedure Act ("APA") for "contested cases" in Ramirez's reinstatement proceeding. *See* APA, Tex.Gov't Code Ann. §§ 2001.051–.178 (West Pamph.1996). The Board contends, however, that it was not required to follow such procedures because this proceeding was not a contested case within the meaning of the APA. Thus, the dispositive issue here is whether the proceeding by which the Board denied Ramirez's application for reinstatement was a contested case as that term is defined in the APA.

■ The APA defines "contested case" as "a proceeding, including a ratemaking or licensing proceeding, in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for adjudicative hearing." APA § 2001.003(1). For purposes of the present case, the key phrase in the definition is "adjudicative hearing." We think the legislature intended for the term to mean "a hearing at which the decision-making agency hears evidence and, based on that evidence and acting in a judicial or quasi-judicial capacity, determines the rights, duties, or privileges of parties before it." *Best & Co. v. Texas State Bd. of Plumbing Examiners*, 927 S.W.2d 306, 309 n. 1 (Tex.App.-Austin 1996, writ requested).

■ Whether applications for reinstatement of previously revoked medical licenses are "to be determined by [the Board] after an opportunity for adjudicative hearing" is determined by the substantive statutes relating to the Board and its duties. The Board's consideration of all disciplinary actions against physicians, including the consideration of applications for reinstatement, is governed by chapter four of the Medical Practice Act ("MPA"), Tex.Rev.Civ.Stat.Ann. art. 4495b, §§ 4.01–.14 (West Supp.1996). Under the MPA, Board decisions regarding license cancellations, revocations, suspensions, and other disciplinary actions have historically been preceded by a trial-type evidentiary hearing. *See, e.g., Texas State Bd. of Medical Examiners v. Birenbaum*, 891 S.W.2d 333, 334–36 (Tex.App.-Austin 1995, writ denied). Such formal hearings have not been provided, however, in response to applications for reinstatement.

Of particular importance to the present case is the MPA's judicial-review provision, which has remained unchanged throughout Ramirez's efforts to obtain reinstatement:

### Judicial Review

Sec. 4.09. (a) Any person whose license to practice medicine has been canceled, revoked, suspended, or otherwise disciplined by the board may, within 30 days after the decision complained of is final and appealable, take an appeal to one of the district courts of Travis County.

(b) The proceedings on appeal shall be under the substantial evidence rule as provided for in the Administrative Procedure Act.

MPA § 4.09.

The other provision that is of particular importance in this case is the MPA's reinstatement section. When Ramirez first began attempting to obtain reinstatement in 1989, the relevant portion of that section read as follows:

Sec. 4.10. PETITION FOR REINSTATEMENT. Upon application, the board may reissue a license to practice medicine to a person whose license has been canceled, revoked, or suspended, but the application, in the case of revocation, may not be made prior to one year after the revocation was issued or became final and must be made upon payment of the fees as established by the board and in the manner and form and under the conditions as the board may require.

Act of May 30, 1983, 68th Leg., R.S., ch. 974, § 9, 1983 Tex.Gen.Laws 5291, 5302 (MPA § 4.10, since amended).

In 1993, the legislature significantly amended the reinstatement provision by designating section 4.10 as subsection "(a)" of section 4.10 and adding the following two additional subsections:

(b) In addition to the requirements of Subsection (a) of this section, to be eligible for reinstatement or reissuance of a license, an applicant must prove that it is in the best interests of the public and of the person whose license has been canceled, revoked, or suspended to reinstate or reissue the license.

(c) A decision by the board to deny an application to reinstate or reissue a license is subject to judicial review in the manner provided by Section 4.09 of this Act.

MPA § 4.10(b), (c).

The 1993 amendments to the MPA do not *expressly* call for an evidentiary hearing on a motion for reinstatement. However, we conclude that such a hearing is necessarily implied by the language of the new subsections. First, subsection (b) of section 4.10 places the

burden on the applicant to "prove" that reinstatement is in the best interests of the public and the applicant. The term "prove" means "to establish a fact or hypothesis as true by satisfactory and sufficient evidence." Black's Law Dictionary 1224 (6th ed. 1990). Thus, by its use of the term "prove," the legislature apparently contemplated that evidence would be presented.

Second, and perhaps even more important, subsection (c) of section 4.10 affords judicial review in the manner provided by section 4.09, *i.e.*, "under the substantial evidence rule as provided for in the Administrative Procedure Act." MPA § 4.09(b). Judicial review under the substantial evidence rule of the APA necessarily implies the creation of an agency "record." APA § 2001.175. Indeed, a court conducting a substantial evidence review under the APA is confined to the agency record. APA § 2001.175(e). The APA's only definition of "record" includes

(1) each pleading, motion, and intermediate ruling;

(2) evidence received or considered;

(3) a statement of matters officially noticed;

(4) questions and offers of proof, objections, and rulings on them;

(5) proposed findings and exceptions;

(6) each decision, opinion, or report by the officer presiding at the hearing; and

(7) all staff memoranda or data submitted to or considered by the hearing officer or members of the agency who are involved in making the decision.

APA § 2001.060.

Nonetheless, the Board argues that it was not obligated to give Ramirez a formal contested-case hearing, but only to allow Ramirez to make an "appearance" before it. *See* 22 Tex.Admin.Code § 167.1 (1996). We disagree. If the Board's interpretation were correct, it could deny applications for reinstatement without creating any significant agency record at all, certainly not a record that would permit a meaningful judicial review. If the Board could prevent any meaningful judicial review of its decisions denying reinstatement, then the legislature would have done a useless, futile thing in amending the statute to provide for such review. Courts are admonished not to adopt a construction that would permit such a result. *See City of LaPorte v. Barfield*, 898 S.W.2d 288, 292 (Tex.1995). *See generally* J. Woodfin Jones, *The Absurd–Results Principle of Statutory Construction in Texas*, 15 Rev.Litig. 81, 85 n. 14 (1996).

We conclude that, in enacting the 1993 amendments to MPA § 4.10, the legislature contemplated that the Board would provide an evidentiary hearing on each application for reinstatement. In making a decision based on the evidence produced at such a hearing, the Board clearly would be acting in a judicial or quasi-judicial capacity, and just as clearly would be determining rights, duties, or privileges of the applicant. The legislature must have intended, therefore, that the decision on such an application would be made after an adjudicative hearing (or at least an opportunity for such a hearing). Accordingly, we conclude that the filing of an application for reinstatement under MPA § 4.10 initiates a contested case within the meaning of the APA. Because the Board did not follow the procedures required for a contest case, it used an improper procedure in denying Ramirez's application. Under the circumstances of this case, Ramirez's substantial rights were prejudiced by the Board's improper procedure. *See* APA § 2001.174.

### CONCLUSION

We reverse the judgment of the district court and remand the cause to the Board for further proceedings consistent with this opinion.