ACCEPTED
15-24-00116-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/18/2025 5:24 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00116-CV

# IN THE FIFTEENTH COURT OF APPEALS
# AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/18/2025 5:24:38 PM
CHRISTOPHER A. PRINE
Clerk

Arnulfo Cortez, Jr., Homero R. Balderas, Brian D.
Nipper, Mark F. Van Rosendael, and Bryan K.
Hugghins
*Appellants*,

v.

Texas Commission on Law Enforcement, Gregory
Stevens in his capacity as the Executive Director of the
Texas Commission on Law Enforcement, John
Beachamp in his Official Capacity as Counsel for TOLE
and T.J. Vineyard, in his Official Capacity as Major for
TCOLE
*Appellees*.

*On Appeal from Cause No. D-1-GN-24-002797*
*in the 455th Judicial District Court, Travis County, Texas,*
*Hon. Daniella Deseta Lyttle*

## APPELLANTS' REPLY BRIEF

**HYDE KELLEY LLP**
2806 Flintrock Trace, Suite A104
Austin, Texas 78738
Telephone: (512) 686-0700
Facsimile: (866) 929-1641

GEORGE E. HYDE
Texas Bar No. 45006157
ghyde@txlocalgovlaw.com
MATTHEW L. WESTON
Texas Bar No. 24037698
mweston@txlocalgovlaw.com
Texas State Bar No. 24113617

## ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................1

INDEX OF AUTHORITIES ........................................................................3

INTRODUCTION .......................................................................................5

SUMMARY OF THE ARGUMENT .........................................................6

ARGUMENT ..............................................................................................7

    I.     Undisputed Arguments ..................................................................7

    II.    Sovereign Immunity Is Waived for Appellants' Claims under the APA ........9

    III.    Sovereign Immunity Does Not Bar Appellants' UDJA Claims ................13

    IV.    Appellees' Immunity Is Waived for Mandamus Claims ..........................15

    V.    Appellee Misconstrue "Complaint" ..........................................................15

    VI.    Appellees Did Not Have the Authority to Discipline for Deferred Disposition ..................................................................................................17

    VII.    Request for Mandamus Relief Is not a Rule Challenge ...........................18

    VIII.    TCOLE Lacked Authority to Discipline for Background Checks. ........18

    IX.    Appellees Acted Without Legal Authority in Warning Hugghins ............20

A. Appellees Acted Without Legal Authority in Failing to Docket Appellants' Cases ...................................................................................20

B. Appellants Do Not Seek to Control State Action ....................................22

C. Appellants Should Be Granted Leave to Amend ....................................22

D. Conclusion................................................................................................23

CONCLUSION AND PRAYER ...............................................................................23

CERTIFICATE OF COMPLIANCE.......................................................................24

CERTIFICATE OF SERVICE ................................................................................25

# INDEX OF AUTHORITIES

Cases ................................................................................................................... Page(s)

*Alden v. Maine*, 527 U.S. 706, 755 (1999). ............................................................14

*City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) ..............................13

*City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). ............................14

*Dir. of Dep't of Agric. & Env't v. Printing Indus. Ass'n of Tex.*, 600 S.W.2d 264, 265–66 (Tex. 1980).................................................................................... 13, 21

*Fay-Ray Corp. v. Tex. Alcoholic Beverage Comm'n*, 959 S.W.2d 362, 368 (Tex. App.—Austin 1998, no pet. ..................................................................................19

*Gates v. Tex. Dep't of Family & Protective Services*, 252 S.W.3d 90, 96 (Tex. App.—Austin 2008, no pet.).............................................................................8

*House of Tobacco, Inc. v. Calvert*, 394 S.W.2d 654 (Tex. 1965) ...................................................................................21

*Indus. Acc. Bd. v. O'Dowd*, 303 S.W.2d 763 (Tex. 1957) ...................................................................................20

*Juliff Gardens, L.L.C. v. Tex. Comm'n on Envtl. Quality*, 131 S.W.3d 271, 279–80 (Tex. App.—Austin 2004, no pet.);.................................................................8

*KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 183 (Tex. 2019)......15

*Mitz v. Tex. State Bd. of Veterinary Med. Examiners*, 278 S.W.3d 17, 24–25 (Tex. App.—Austin 2008, pet. dism'd) ........................................................................8

*Ramirez v. Tex. State Bd. of Med. Examiners*, 927 S.W.2d 770, 772 (Tex. App.—Austin 1996, no writ). ......................................................................................10

*See Allen-Burch, Inc. v. Tex. Alcoholic Beverage Comm'n*, 104 S.W.3d 345, 352 (Tex. App.—Dallas 2003, no pet.) ....................................................................19

*See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009........................21

*See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); CR 105-07 ............................................................................................................8

*State v. Malone Serv. Co.*, 829 S.W.2d 763, 765 (Tex. 1992).................................19

Statutes

Tex. Admin. Code § 217.1(b)(7). ..............................................................................16

Tex. Code Crim. Pro. art. 45.051(c) (current version at Tex. Code Crim. Pro. art. 45A.305(a))...........................................................................................................15

Tex. Code Crim. Pro. art. 45.051(e). .......................................................................15

Tex. Health & Safety Code § 361.224(b))................................................................19

Tex. Occ. Code § 1701.501(a ....................................................................................9

Tex. Occ. Code § 1701.504 .............................................................................. 20, 21

Tex. Occ. Code § 1701.506(a) ...................................................................................9

Tex. Occ. Code § 1701.507 ......................................................................................18

Tex. Occ. Code § 1701.514(a) .................................................................................20

Tex. Pen. Code § 12.03(c). .........................................................................................4

Tex. Pen. Code § 12.23 ("An individual adjudged guilty of a Class C misdemeanor shall be punished by a fine not to exceed $500." ..................................................4

Tex. Pen. Code § 22.01 ...............................................................................................4

## INTRODUCTION

In 2014, Arnulfo Cortez, Jr. ("Cortez") was charged with Assault Family Violence, a Class C misdemeanor. Class C misdemeanors are the least serious criminal offenses, punishable only by fines not to exceed $500.[1] The Penal Code specifically states that "Conviction of a Class C misdemeanor does not impose any legal disability or disadvantage."[2]

Cortez and his now ex-wife were charged with Class C misdemeanor Assault for struggling over a suitcase. This is assault by contact: "intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative."[3] Depending on the circumstances, any contact could be considered offensive or provocative.

Cortez was not convicted. The municipal court decided to dismiss the charge after deferred disposition, a statutory remedy allowed only for Class C misdemeanors.

It was this charge, assault by contact, that caused the Texas Commission on Law Enforcement ("TCOLE"), to seek to cancel Cortez's license ten years later. It

---

[1] Tex. Pen. Code § 12.23 ("An individual adjudged guilty of a Class C misdemeanor shall be punished by a fine not to exceed $500."
[2] Tex. Pen. Code § 12.03(c).
[3] Tex. Pen. Code § 22.01

5

was this charge that caused Sergeant Investigator Kevin K. Kelso to demand that Cortez's commission at the Cibolo Police Department to be pulled. It was this charge that caused TCOLE and Appellees to reprimand and warn Cibolo Police Officers Homero R. Balderas, Brian D. Nipper, Mark F. Van Rosendael, and Bryan K. Hugghins (the "Officers") without any process whatsoever. An administrative law judge has already issued a Proposal for Decision in Cortez's favor, which TCOLE is challenging. Yet, this case goes on . . . over a suitcase.

## SUMMARY OF THE ARGUMENT

The trial court's order granting Appellees' Plea to the Jurisdiction was erroneous. Eight of Appellants' arguments are undisputed. Appellees' sovereign immunity is waived for claims under the Administrative Procedures Act ("APA") because Appellants were not required to exhaust their administrative remedies and they are appealing an "action" by Appellees. Appellants were entitled to a contested case hearing as a matter of law. Appellants' requests for declaratory relief are not barred by sovereign immunity because the underlying claims are not barred and Appellants do not seek to control state action. Appellants' claims for mandamus relief are not barred because Appellees acted without legal authority in disciplining Appellants and failing to docket Appellants' cases. Appellants were entitled to leave to amend. This Court should reverse the trial court's judgment and remand.

# ARGUMENT

## I. Undisputed Arguments

Appellees' choice not to respond to the actual arguments raised in Appellants Brief and to create its own order of arguments has unnecessarily complicated a simple case. Appellants have shown that they are entitled to relief. The trial court should never have granted Appellees' plea to the jurisdiction and this Court should remedy that error.

Appellees completely failed to address most of the arguments raised in Appellants' Brief. For example, Appellants spent significant space in their brief arguing that they met their pleading burden for due process and equal protection claims.[4] Only two sentences in Appellees' Brief even mention due process or equal protection:[5]

> Appellants' state and federal due process and equal protection claims under the UDJA are barred by sovereign immunity because they seek declarations that, in effect, order Appellees to withdraw all disciplinary action against them (the Appellants). The purpose of the UDJA is not to end-run past sovereign immunity and to ask the court to inadmissibly control state action.

---

[4] Appellants' Brief at 22-32, 32-41.
[5] Appellees Brief at 14.

7

The following arguments are undisputed and Appellants have met their burden to show reversible error:

*Undisputed Argument No. 1*:    Cortez and the Officers did not need to exhaust their administrative remedies because they raised federal constitutional claims.[6]

*Undisputed Argument No. 2*:    Appellees violated Cortez's rights to due process and due course of the law because he had a liberty or property interest in his peace officer's license and Appellees failed to provide the required process.[7]

*Undisputed Argument No. 3*:    Appellees violated Cortez's rights to due process and due course of the law because he had a constitutionally protected property right in his peace officer's license and its deprivation was an arbitrary use of governmental power.[8]

*Undisputed Argument No. 4*:    Appellees violated Cortez's right to equal protection because he was treated differently from similarly situated peace officers.[9]

*Undisputed Argument No. 5*:    Appellees violated the Officers' rights to due process and due course of the law because they had a liberty or property interest in their peace officers' licenses and Appellees failed to provide the process that was due.[10]

*Undisputed Argument No. 6*:    Appellees violated the Officers' rights to due process and due course of the law because they had a constitutionally protected property right in their peace officers' licenses, which was deprived by the arbitrary use of government power.[11]

---

[6] Appellants' Brief at 21-22.
[7] Appellants' Brief at 22-29.
[8] Appellants' Brief at 29-30.
[9] Appellants' Brief at 30-31.
[10] Appellants' Brief at 32-40.
[11] Appellants' Brief at 40-41.

*Undisputed Argument No. 7*: Appellees violated the Officers' rights to equal protection because Appellees treated them differently from similarly situated peace officers in reprimanding and warning them.[12]

*Undisputed Argument No. 8*: Cortez and the Officers should be granted leave to amend their Petition.[13]

Appellants will not repeat the undisputed arguments here. Instead, Appellants will respond to the various legal argument raised by Appellees, none of which have merit.

## II. Sovereign Immunity Is Waived for Appellants' Claims under the APA

Appellants met their burden to affirmatively demonstrate the court's jurisdiction over their APA claim.[14] Appellees' arguments to the contrary cannot stand. The trial court erred and this Court should reverse and remand.

It is undisputed that Cortez and the Officers did not need to exhaust their administrative remedies because they raised federal constitutional claims.[15] Exhaustion does not apply when federal constitutional claims are raised.[16]

---

[12] Appellants' Brief at 41-43.
[13] Appellants' Brief at 48-49.
[14] *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); CR 105-07.
[15] *See supra*, Undisputed Argument No. 1.
[16] *See Juliff Gardens, L.L.C. v. Tex. Comm'n on Envtl. Quality*, 131 S.W.3d 271, 279–80 (Tex. App.—Austin 2004, no pet.); *Mitz v. Tex. State Bd. of Veterinary Med. Examiners*, 278 S.W.3d 17, 24–25 (Tex. App.—Austin 2008, pet. dism'd); *Gates v. Tex. Dep't of Family & Protective Services*, 252 S.W.3d 90, 96 (Tex. App.—Austin 2008, no pet.)

Additionally, Appellees' sovereign immunity is waived for claims under Section 1701.506 of the Texas Occupations Code because the Officers were entitled to a contested case hearing as a matter of law. Section 1701.506(a) of the Texas Occupations Code states:

> A person dissatisfied with an action of the commission may appeal the action under Chapter 2001, Government Code. The court shall set the matter for hearing not earlier than 10 days after written notice of the appeal is given to the commission and the commission's attorney.[17]

"Action" is not defined in Section 1701.506(a), but Section 1701.501(a) of the Occupations Code lists the following disciplinary actions that TCOLE can perform: (1) revoke or (2) suspend a license, (3) place on probation a person who license has been suspended, (4) reprimand a license holder.[18] Appellants appeal these exact statutory disciplinary actions.[19] Section 1701.506 itself waives Appellees' immunity with respect to Cortez and the Officers' claims. Appellees' arguments to the contrary lack merit.

Appellees seem to assert that Section 1701.506(a)'s statement that the person may appeal "under Chapter 2001, Government Code" incorporates Government Code Section 2001.171's requirement of a "final decision in a contested case" for judicial review. Appellants dispute this interpretation of Section 1701.506.

---

[17] Tex. Occ. Code § 1701.506(a)
[18] Tex. Occ. Code § 1701.501(a)
[19] CR 105-06.

10

However, even if a final decision in a contested case were a jurisdictional requirement, Appellants have met it.

A "contested case" is defined by statute as "a proceeding, including a ratemaking or licensing proceeding, in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for adjudicative hearing."[20] An adjudicative hearing is "a hearing at which the decision-making agency hears evidence and, based on that evidence and acting in a judicial or quasi-judicial capacity, determines the rights, duties, or privileges of parties before it."[21] "Absent an express statutory provision stating otherwise, there is no requirement that the adjudicative hearing be held before SOAH."[22]

Cortez and the Officers were entitled to contested case hearings. First, it is impossible make the determination that a licensee has violated relevant statutes or rules without "hear[ing] evidence and, based on that evidence and acting in a judicial or quasi-judicial capacity."[23] Second, the Legislature has explicitly stated that

---

[20] Tex. Gov't Code § 2001.003(1).

[21] *Ramirez v. Tex. State Bd. of Med. Examiners*, 927 S.W.2d 770, 772 (Tex. App.—Austin 1996, no writ).

[22] *Gonzalez v. Tex. Med. Bd.*, No. 03-22-00205-CV, 2023 WL 7134982, at *8 (Tex. App.—Austin Oct. 31, 2023, pet. filed).

[23] *Ramirez v. Tex. State Bd. of Med. Examiners*, 927 S.W.2d 770, 772 (Tex. App.—Austin 1996, no writ).

disciplinary actions, such as suspensions, revocations and reprimands, are governed by the procedures in the APA.[24]

Amazingly, Appellees argue that the Officers' reprimands have no effect on their licenses. TCOLE's own rules state that an officer is subject to suspension after two reprimands.[25] TCOLE's interpretation of the law and rules is that an officer has no method to challenge a reprimand. This interpretation turns a two-strike system into a one-strike system. If, as here, the first reprimand is baseless, an officer could be suspended based upon a single reprimand that would otherwise not justify a suspension. There is also no indication how long a reprimand lasts. A reprimand could remain on an officer's record for their whole career. A single unchallengeable and baseless reprimand could be a building block to suspend an officer. The Officers have no recourse to challenge the reprimand, despite its severe and possibly permanent effect on their license.

While a warning is not as severe as a formal reprimand or a suspension, the same analysis applies. While there is not statutory or regulatory basis for "warnings," (see *infra*) a warning is still an "action" by TCOLE that is subject to appeal. It is a permanent blot on an officer's license. TCOLE's interpretation of relevant statutes and rules is that the Officers have no method of challenging a warning. However,

---

[24] Tex. Occ. Code § 1701.505
[25] 37 Tex. Admin. Code § 223.15(g)

this interpretation is belied by the plain meaning of the statute, which allows for an appeal of any "action."

The trial court erred. Appellants pled a valid waiver of sovereign immunity with respect to their claim under Section 1701.506. This Court should reverse and remand.

## III. Sovereign Immunity Does Not Bar Appellants' UDJA Claims

The trial court erred. Appellants' claims under the Uniform Declaratory Judgment Act ("UDJA") are not barred. This Court should reverse and remand.

Eight of Appellees requests for declaratory relief relate to constitutional violations. It is undisputed that Appellees violated Appellants' rights to due process, due course of the law, and equal protection.[26] Appellees provided the Officers ***no process at all*** when it disciplined them and still argue that they were never entitled to a process. It is hard to imagine a more clear due process violation. It is also undisputed that Appellants did not need to exhaust their administrative remedies because they raised federal constitutional claims.[27]

Appellants' due process and equal protection declaratory judgment claims do not impermissibly seek to control state action. "[A]n entity or person whose rights have been violated by the ***unlawful*** action of a State official, may bring suit to

---

[26] *See supra*, Undisputed Argument Nos. 2-7.
[27] *See supra*, Undisputed Argument No. 1.

13

remedy the violation or prevent its occurrence, and such suit is not a suit against the State requiring legislative or statutory authorization."[28] Also, ultra vires suits are not, as a matter of law, attempts to control state action but attempts to *reassert* control.[29]

Most of Appellants' declaratory judgment claims explicitly allege that Appellees acted without legal authority or violated the law. These claims are not attempts to control state action. For example, Appellants have alleged the following:

> "Defendants acted without authority in taking action against Officer Cortez's peace officer's license. . ."[30]

> "As a matter of law, Defendants acted without authority it issuing reprimands . . ."[31]

> "TCOLE's interpretation of their policies, rules and regulations allowing a peace officer's license to be revoked for a deferred disposition and dismissal violate article 45.051(e) of the Texas Code of Criminal Procedure . . ."[32]

Additionally, Appellants have alleged that Appellees' action were ultra vires,[33] actions taken outside of Appellees' statutory authority. These claims are also, as a matter of law, not attempts to control state action.

---

[28] *Dir. of Dep't of Agric. & Env't v. Printing Indus. Ass'n of Tex.*, 600 S.W.2d 264, 265–66 (Tex. 1980)

[29] *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) ("Thus, ultra vires suits do not attempt to exert control over the state—they attempt to reassert the control of the state. Stated another way, these suits do not seek to alter government policy but rather to enforce existing policy.

[30] CR 108.

[31] *Id*.

[32] *Id*.

[33] *See* CR 102 ("No statute or regulation authorizes TCOLE to discipline Plaintiffs for their conduct in completing the required background check of Cortez and any such discipline is an ultra vires act by Defendants."

Appellees raise for the first time on appeal their alleged immunity under the Eleventh Amendment. Applicable Federal law is clear that "sovereign immunity bars suits only in the absence of consent."[34] The State has consented to suit for all the claims.

Appellees' challenge to Appellants' claims under the UDJA fail. This Court should reverse the trial court's judgment and remand for this reason.

## IV.    Appellees' Immunity Is Waived for Mandamus Claims

The trial court erred in dismissing Appellants' request for mandamus relief. Appellees "acted without legal authority or failed to perform a purely ministerial act."[35] This Court should reverse and remand.

## V.    Appellee Misconstrue "Complaint"

Appellees acted without legal authority when they disciplined Appellants because they misconstrued former Article 45.051 of the Texas Code of Criminal Procedure. In 2014, Cortez was charged with Assault Family Violence, a Class C Misdemeanor. In 2015, the charges were dismissed after deferred disposition. Former Article 45.051(e) of the Texas Code of Criminal Procedure states:

> Records relating to a complaint dismissed as provided by this article may be expunged under Article 55.01. If a complaint is dismissed under

---

[34] *Alden v. Maine*, 527 U.S. 706, 755 (1999).
[35] *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).

this article, there is not a final conviction and *the complaint may not be used against the person for any purpose.*[36]

Appellees argue that they did not technically rely on the *complaint* when they sought to cancel Cortez's license but instead relied on Cortez's own statement that he had been granted deferred disposition and the Final Judgment. This argument fails to take the statute as a whole into account. [37] Former Article 45.051(c) provided that, on finding that a defendant has complied with the requirements of deferred disposition, "the judge shall dismiss the complaint."[38] When the complaint is dismissed, there is no proceeding. The fact that the complaint is dismissed itself is conclusive.

Additionally, "complaint" as used in the statute means more than the charging instrument. First, the prohibition of the use of "complaint" was added to the Code of Criminal Procedure in 1989. The statutory definition of complaint including the charging instrument was added in 1999. Second, the clear context of the article is that the deferred disposition itself, not just the narrow charging instrument, should not be used for any purpose. Prohibiting the use of the complaint would be meaningless if it were limited to the charging instrument, and not the judgment or order of deferred disposition.

---

[36] Tex. Code Crim. Pro. art. 45.051(e).

[37] *See KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 183 (Tex. 2019) (rules of statutory construction).

[38] Tex. Code Crim. Pro. art. 45.051(c) (current version at Tex. Code Crim. Pro. art. 45A.305(a)).

## VI. Appellees Did Not Have the Authority to Discipline for Deferred Disposition

Appellees also acted without legal authority because there is no statutory or regulatory basis to discipline a peace officer for a deferred disposition. As Appellants have argued at length, Cortez met the requirements to be licensed as a peace officer. An applicant is ineligible for appointment if the applicant has ever been convicted or placed on community supervision in any court of an offense involving family violence.[39] TCOLE regulations define the term community supervision as, "[a]ny court-ordered community supervision or probation resulting from a deferred *adjudication* or conviction by a court of competent jurisdiction. However, this does not include supervision resulting from a pretrial diversion."[40] Cortez was indisputably not convicted or placed on deferred *adjudication* – he was placed on deferred disposition for a Class C (fine only) Misdemeanor. He did meet the minimum qualifications to be licensed as peace officer.

The Officers correctly conducted Cortez's pre-employment background check – Cortez met the relevant qualifications. There was absolutely no basis to reprimand or warn them. Appellees acted without legal authority. The trial court's order should be reversed and remanded for this reason.

---

[39] 37 Tex. Admin. Code § 217.1(b)(7).
[40] 37 Tex. Admin. Code § 211.1(a)(19).

17

## VII. Request for Mandamus Relief Is not a Rule Challenge

Appellees argue at length that this paragraph in Appellants' mandamus claim does not qualify as a rule challenge under Section 2001.038 of the Texas Government Code:[41]

> 25. *No Authority to Discipline for Deferred Disposition.* Section 45.051(e) of the Texas Code of Criminal Procedure expressly prohibits the use of a case dismissed pursuant to a deferred disposition against the subject of the deferral "for any purpose."[3] Therefore Defendants all lacked any authority to use the dismissed charge to revoke or cancel Plaintiff Cortez's license. Therefore, Defendants also did not have authority to reprimand Plaintiffs Balderas, Hugghins, Nipper, and Van Rosendael for the charge. Consequently, Plaintiffs seek a mandamus compelling Defendants to withdraw the disciplinary actions issued without authority.

It is unclear why Appellees assert that this allegation in Appellants' request for a writ of mandamus is a request for declaratory relief under Section 2001.038. It is not, clearly.

## VIII. TCOLE Lacked Authority to Discipline for Background Checks.

Appellees acted without legal authority when they disciplined the Officers because neither the relevant statutes nor the rules allow *licensees* to be disciplined for background checks. Section 1701.501 of the Texas Occupations Code is the general authority granted to TCOLE to discipline an officer who violates a TCOLE

---

[41] CR 101.

rule. Section 1701.507 provides for administrative penalties against "a law enforcement agency or governmental entity that violates this chapter," not individuals peace officers.[42]

Section 217.1(b)(10) of Title 37 of the Texas Administrative Code establishes the standards for background investigations of applicants. It places the obligation on *provider* of a basic licensing course to have on file documentation that an individual meets eligibility for licensure.[43] It also places the burden on "a *law enforcement agency or law enforcement agency academy*" to obtain certain documents showing that a potential licensee has met statutory requirements.[44] Section 223.2 provides for administrative penalties against *"a law enforcement agency or governmental entity*."[45] There is no basis under the rules to subject the Officers to any discipline, much less license suspension or revocation, related to a background investigation that is performed by an agency.

The trial court erred in granting Appellees' plea to the jurisdiction for this reason. This Court should reverse and remand.

---

[42] Tex. Occ. Code § 1701.507(a).
[43] 37 Tex. Admin. Code § 217.1(a).
[44] 37 Tex. Admin. Code § 217.1(b)(10)(B).
[45] 37 Tex. Admin. Code § 223.2(a).

**IX.    Appellees Acted Without Legal Authority in Warning Hugghins**

TCOLE has the undisputed authority under statute and its own rules to discipline its license holders. However, a "warning" is nowhere to be found in the applicable statute or TCOLE's rules. Appellees acted without legal authority in issuing a warning to Hugghins and the trial court's order should be reversed for this reason.

Appellees cite to cases holding that an agency has broad discretion in determining sanctions. None of the cases cited by Appellees stand for the proposition that an agency can create a sanction when none exist in either applicable statutes or its rules, then unilaterally impose.  Instead, all the cases hold that an agency has discretion to decide whether to impose a sanction created by the Legislature.[46] Appellees have offered no support for the proposition that agency can create a sanction out of whole cloth. There is none. TCOLE acted without legal authority in issuing a warning Hugghins.

**A. Appellees Acted Without Legal Authority in Failing to Docket Appellants' Cases**

---

[46] *See Allen-Burch, Inc. v. Tex. Alcoholic Beverage Comm'n*, 104 S.W.3d 345, 352 (Tex. App.—Dallas 2003, no pet.) (cancellation of an alcoholic beverage permit under Tex. Alco. Bev. Code Ann. § 11.61); *Fay-Ray Corp. v. Tex. Alcoholic Beverage Comm'n*, 959 S.W.2d 362, 368 (Tex. App.—Austin 1998, no pet.) (revocation of a mixed beverage permit and a mixed beverage late hours permit under Tex. Alco. Bev. Code Ann. § 6.02); *State v. Malone Serv. Co.*, 829 S.W.2d 763, 765 (Tex. 1992) (enforcement action under Former Tex. Health & Safety Code § 361.224(b)).

Section 1701.504 states, "Except as provided by Sections 1701.502 and 1701.503, if the commission proposes to suspend or revoke a person's license, the person is entitled to a hearing conducted by the State Office of Administrative Hearings."[47] Construing this law narrowly, the trial court found that TCOLE "did not propose to 'suspend or revoke' [the Officers'] licenses within the meaning of Texas Occupations Code section 1701.504, subsection a. Therefore [the Officers] are not entitled to a hearing conducted by the State Office of Administrative Hearings, as a matter of law."[48] This holding is legal error and should be reversed.

The Supreme Court has held that in construing statutes, a court "must assume that the Legislature intended to enact a valid law, and in the absence of express language to the contrary, intended that the administrative board should proceed in accordance with constitutional requirements."[49] There is no express language in Section 1701.504 that states that SOAH **cannot** hold a hearing for officer reprimands. Nevertheless, the trial court found that the Officers were not entitled to any hearing at all, a violation of their rights to due process and equal protection.

This holding was legal error. The trial court had an obligation to assume that Section 1701.504 comports with due process and equal protection and by implication

---

[47] Tex. Occ. Code § 1701.504(a).
[48] CR 177.
[49] *Indus. Acc. Bd. v. O'Dowd*, 303 S.W.2d 763, 766 (Tex. 1957).

provide these constitutional guarantees.[50] The trial court failed to comply with this obligation, instead construing Section 1701.504 narrowly as not providing constitutional guarantees. This finding was erroneous as a matter of law.

## B. Appellants Do Not Seek to Control State Action

"[A]n entity or person whose rights have been violated by the unlawful action of a State official, may bring suit to remedy the violation or prevent its occurrence, and such suit is not a suit against the State requiring legislative or statutory authorization."[51] Also, ultra vires suits are not, as a matter of law, attempts to control state action but attempts to *reassert* control.[52] The whole basis of Appellants' lawsuit is that Appellees acted unlawfully. Neither this suit, nor its component claims, seek to control state action as a matter of law.

## C. Appellants Should Be Granted Leave to Amend

In the alternative, Appellants it is undisputed that should be granted leave to amend. Appellees have presented no arguments that amendment would be futile.

---

[50] *See House of Tobacco, Inc. v. Calvert*, 394 S.W.2d 654, 658 (Tex. 1965) ("although this statute does not provide for notice and a hearing, that such is not unconstitutional since these provisions may be by implication incorporated into the statute unless the statute expressly provides otherwise, which it does not.").

[51] *Dir. of Dep't of Agric. & Env't v. Printing Indus. Ass'n of Tex.*, 600 S.W.2d 264, 265–66 (Tex. 1980)

[52] *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) ("Thus, ultra vires suits do not attempt to exert control over the state—they attempt to reassert the control of the state. Stated another way, these suits do not seek to alter government policy but rather to enforce existing policy.

**D. Conclusion**

Most of Appellants' arguments are undisputed. The legal challenges raised by Appellees have no merit. This Court should reverse the trial court's order and remand.

## CONCLUSION AND PRAYER

Plaintiffs pray that this Court reverse the trial court's order granting Defendants' Plea to the Jurisdiction and remand. Plaintiffs further pray for such other and further relief to which it may be justly entitled.

Dated: March 18, 2025

Respectfully submitted,

**HYDE KELLEY LLP**
2806 Flintrock Trace, Suite A104
Austin, Texas 78738
Telephone: (512) 686-0700
Facsimile: (866) 929-1641

*/s/ George E. Hyde*
GEORGE E. HYDE
Texas State Bar No. 45006157
ghyde@txlocalgovlaw.com
MATTHEW L. WESTON
Texas State Bar No. 24037698
mweston@txlocalgovlaw.com

## CERTIFICATE OF COMPLIANCE

In compliance with Tex. R. App. P. 9.4(i)(3), this is to certify that the Appellant's Brief contains no more than 3991 words, which does not include the caption, identity of parties and counsel, statement regarding oral argument, table contents, index of authorities, statement of issues presented, signature, proof of service, certificate of compliance, or appendix.

*/s/ George E. Hyde*
GEORGE E. HYDE

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, hereby certify that on March 18, 2025, a true and correct copy of the forgoing document was served in accordance with Texas Rules of Appellate Procedure upon the counsel of record in this cause via electronic service and email.

Lauren McGee                Lauren.mcgee@oag.texas.gov

Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-3203
**Attorneys for Texas Commission on Law Enforcement**

*/s/ George E. Hyde*
GEORGE E. HYDE

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 98608119
Filing Code Description: Response
Filing Description: APPELLANTS REPLY BRIEF
Status as of 3/19/2025 7:10 AM CST

Associated Case Party: TEXAS COMMISSION ON LAW  ENFORCEMENT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jennifer Foster | | Jennifer.Foster@oag.texas.gov | 3/18/2025 5:24:38 PM | SENT |

Associated Case Party: City of Cibolo

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Victoria Wilhelm | | vwilhelm@txlocalgovlaw.com | 3/18/2025 5:24:38 PM | SENT |
| Lauren Fogerty | | lfogerty@txlocalgovlaw.com | 3/18/2025 5:24:38 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| George Hyde | 45006157 | ghyde@txlocalgovlaw.com | 3/18/2025 5:24:38 PM | SENT |
| Matthew Weston | 24037698 | mweston@txlocalgovlaw.com | 3/18/2025 5:24:38 PM | SENT |
| Lauren McGee | 24128835 | Lauren.mcgee@oag.texas.gov | 3/18/2025 5:24:38 PM | SENT |