ACCEPTED
15-24-00048-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/9/2025 3:56 PM
CHRISTOPHER A. PRINE
CLERK

NO. 15-24-00048-CV

# IN THE COURT OF APPEALS
## FOR THE FIFTEEENTH JUDICIAL DISTRICT
## AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
5/9/2025 3:56:19 PM
CHRISTOPHER A. PRINE
Clerk

**TEXAS MEDICAL BOARD**
APPELLANT
VS.
**GRAYCE YANNUZZI**
APPELLEE

DIRECT APPEAL FROM CAUSE NO. D-1-GN-23-001175
419TH JUDICIAL DISTRICT COURT OF TRAVIS COUNTY, TEXAS

**SUPPLEMENTAL BRIEF OF APPELLEE**

**DAVID M. GONZALEZ**
State Bar No. 24012711
SUMPTER & GONZÁLEZ, LLP
1100 B Guadalupe Street
Austin, Texas 78701
Telephone: (512) 381-9955
Facsimile: (512) 485-3121
david@sg-llp.com
*Counsel for Appellee*

# TABLE OF CONTENTS

Table of Contents............................................................................................1

Table of Authorities.......................................................................................2

Summary of the Argument...........................................................................4

Argument.........................................................................................................5

    I.    This Was Not A "Contested Case." .......................................................5

    II.   The Cease and Desist Order Was Effective Immediately and Not Subject to a Motion for Rehearing. ..................................................7

    III.    The Cease and Desist Order Was Inadequate, Erroneous, and Misleading Which Denied Ms. Yannuzzi Due Process. ...............................8

    IV.    The Specific Provision Governing Appeal of a Cease and Desist Order Requires a Petition, Not a Motion for Rehearing. ...........................13

CERTIFICATE OF COMPLIANCE.............................................................................15

CERTIFICATE OF SERVICE .................................................................................15

# TABLE OF AUTHORITIES

## CASES

*Brooks v. Tex. Med. Bd.*,
No. 03-14-00239-CV, 2015 WL 3827327, at *1 (Tex. App.—Austin June 18, 2015, no pet.) ...................................................................................................13

*Gonzalez v. Tex. Med. Bd.*,
No. 03-22-00205-CV, 2023 WL 7134982, at *1 (Tex. App.—Austin Oct. 31, 2023, pet. filed)..............................................................................................5, 6

*Mosley v. Tex. Health & Human Services Comm'n*,
593 S.W.3d 250 (Tex. 2019)...............................................4, 8, 9, 10, 11, 12, 13

*Mosser v. Plano Three Venture*,
893 S.W.2d 8, 12 (Tex. App.—Dallas 1994, no writ) ...................................10

*Mullane v. Cent. Hanover Bank & Trust Co.*,
339 U.S. 306, 314 (1950).................................................................................10

*Ramirez v. Tex. State Bd. of Med. Examiners*,
927 S.W.2d 770 (Tex. App.—Austin 1996, no writ) .......................................6

*Tex. Med. Bd. v. Wiseman*,
No. 03-13-00210-CV, 2015 WL 410330, at *4 (Tex. App.—Austin Jan. 30, 2015, pet. denied) ...........................................................................................6

*Univ. of Tex. Med. Sch. at Hous. v. Than*,
901 S.W.2d 926, 929 (Tex. 1995)...................................................................11

STATUTES

Texas Administrative Code, Title 22, Part 9, §187.83 ............................8, 10, 13

Texas Government Code §2001.003 ...................................................................5

Texas Government Code §2001.054(a) .............................................................7

Texas Government Code §2001.144 ..................................................................7

Texas Government Code §2001.145 ..................................................................7

Texas Occupational Code §165.052..................................................................6

## SUMMARY OF THE ARGUMENT

*First*, the trial court had subject matter jurisdiction to review the Cease and Desist Order because a Cease and Desist hearing is not a "contested case" that mandates a motion for rehearing as a prerequisite for appeal. *Second*, both the language of the order and the statute governing Cease and Desist orders made this a final order subject to immediate judicial review. *Third*, relief is proper pursuant to *Mosley v. Tex. Health & Human Services Comm'n*, 593 S.W.3d 250, 254 (Tex. 2019). Ms. Yannuzzi was directed by the Texas Medical Board to file a petition in order to appeal, and, as was found in *Mosley*, Ms. Yannuzzi has a due process right to judicial review. *Finally*, Ms. Yannuzzi followed the specific procedure that the Board referenced in its Order. At no time has the Texas Medical Board argued the trial court was without jurisdiction, especially when Ms. Yannuzzi followed the very process to appeal as indicated in the rules cited by the Board.

## ARGUMENT

### I.    This Was Not A "Contested Case."

The trial court had jurisdiction because a Cease and Desist proceeding is not a "contested case" under the Administrative Practice and Remedies Act. Under the Act, a "contested case" means "a proceeding, including a ratemaking or licensing proceeding, in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for adjudicative hearing." TEX. GOV'T. CODE §2001.003.  Ms. Yannuzzi was not seeking an adjudication of her legal rights, duties, or privileges. She is not a license holder. She is not a doctor. She was not asking to adjudicate her legal rights, duties, or privileges or claim the status of a physician. She was defending an accusation that she was practicing medicine. In her case, the Cease and Desist proceeding was not a "contested case" under the Act.

Compare Ms. Yannuzzi's case to Reynaldo Gonzalez, Jr., M.D., J.D. in the unpublished case of *Gonzalez v. Tex. Med. Bd.*, No. 03-22-00205-CV, 2023 WL 7134982, at *1 (Tex. App.—Austin Oct. 31, 2023, pet. filed). There, the individual had a medical degree and referred to himself as a physician and sought the right to call himself a doctor because he had M.D. and J.D.

degrees. *Id*. He referred to himself a physician, he used the title of Dr. Rey Gonzalez, and advertised that he was a doctor. *Id*. He sought judicial review to vindicate his right to refer to himself as a doctor, and raised First Amendment claims for the restraint on his speech. *Id*. at *3.

Many years ago the Texas Medical Board itself took the position that even applications for reinstatement of medical licenses were not "contested cases." *See Ramirez v. Tex. State Bd. of Med. Examiners*, 927 S.W.2d 770, 773 (Tex. App.—Austin 1996, no writ). Even temporary suspension orders for licensed physicians are not "contested cases." *Tex. Med. Bd. v. Wiseman*, No. 03-13-00210-CV, 2015 WL 410330, at *4 (Tex. App.—Austin Jan. 30, 2015, pet. denied).

Throughout Subchapter B (Contested Cases) there is no mention of Cease and Desist proceedings. Cease and Desist proceedings are governed under Board Rule §179.35 of Title 22, Part 9, Chapter 179 of the Texas Administrative Code and §165.052 of the Medical Practice Act under the Texas Occupations Code. Procedures for Cease and Desist Orders are classified under Subchapter B of the Occupations Code which provide for injunctive relief. *See* Tex. Occup. Code §165.052. All the provisions, due process rights, and rights to discovery under Subchapter B are for license

6

holders. *See, e.g.* TEX. GOV'T. CODE §2001.054(a) ("The provisions of this chapter concerning contested cases apply to the grant, denial, or renewal of a license that is required to be preceded by notice and opportunity for hearing.") Ms. Yannuzzi was not applying or contesting the denial of any license as contemplated under the definition of a "contested case."

Both TEX. GOV'T. CODE §2001.144 and §2001.145 are classified under Subchapter F: CONTESTED CASES: FINAL DECISIONS AND ORDERS; MOTIONS FOR REHEARING. The trial court was not divested of jurisdiction because the explicit statutory definition of "contested case" means the motion-for-rehearing requirement is inapplicable. Ms. Yannuzzi needed to file a petition in order to vest the trial court with jurisdiction, and she did.

## II. The Cease and Desist Order Was Effective Immediately and Not Subject to a Motion for Rehearing.

Texas Government Code §2001.145(b) states that an order that is final under §2001.144(a)(4) is appealable. While §2001.144(a)(4)(A) refers to an agreed to the specified date in writing, both the language of the order and the statute governing Cease and Desist orders made this a final order subject to immediate judicial review.

*First*, the text of the order indicate it is final and public. The Cease and Desist Order ends with the following admonishment in bold and all caps: **THIS ORDER IS A PUBLIC RECORD**. A.R. 186-190.

*Second*, the Cease and Desist order admonishes that any violation of the order – which is effective immediately – is punishable up to $5,000.00 for each violation. A.R. 186-190.

*Finally*, the statute itself holds that the Cease and Desist Order is effective immediately. *See* 22 Tex. Admin. Code §187.83(3)(B) ("If the panel determines that the individual has practiced medicine without a license, the panel shall direct the Executive Director to issue a cease and desist order, effective immediately, in accordance with § 165.052 of the Act.")

There is no indication nor guidance that this is anything other than a final order, and the only remedy is to file a petition with the Travis County District Court.

### III. The Cease and Desist Order Was Inadequate, Erroneous, and Misleading Which Denied Ms. Yannuzzi Due Process.

Ms. Yannuzzi's situation is similar to the Petitioner in *Mosley v. Tex. Health & Human Services Comm'n*, 593 S.W.3d 250, 254 (Tex. 2019). In *Mosley*, the Texas Supreme Court granted relief because "[I]nstead of

directing her to file a motion for rehearing, the letter mislead Mosley to believe the order would become 'final' and that her name would be placed on the Registry 'unless' she filed 'a timely petition for judicial review' within thirty days. *Id.* at 263. The Supreme Court directed the Health and Human Services Commission to reinstate Mosley's administrative case to afford her an opportunity to seek rehearing of the order against her, thus allowing her to seek judicial review by the district court anew should the commission deny her motion. *Id.* at 269.

Ms. Yannuzzi seeks the same relief. *First*, and even more severe than in *Mosley*, the order declares "**THIS ORDER IS A PUBLIC RECORD**." A.R. 186-190. At least in *Mosley* the agency referred to the ability to appeal or prevent the order from *becoming* final. Ms. Yannuzzi's order *was* final.

*Second*, there is absolutely no guidance, admonishment, or instruction to Ms. Yannuzzi that the Cease and Desist Order is anything other than a final order. At least in *Mosley* there was a cover letter advising of a right to appeal. Ms. Yannuzzi received a Cease and Desist order admonishing that any violation of the order – which is effective immediately – is punishable up to $5,000.00 for each violation. A.R. 186-190.

9

*Third*, as in *Mosley*, Ms. Yannuzzi is directed by the Texas Medical Board to file a petition in order to appeal. Paragraph 10 of the Cease and Desist Order advises Ms. Yannuzzi to review Section 22 Tex. Admin. Code, Chapter 187. A.R. 186-190. Specifically, it admonishes Ms. Yannuzzi to reference "Section 22 Tex. Admin. Code, Chapter 187 [for] the Board's procedural rules for all Board proceedings; Subchapter I, Chapter 187, sets for the Board's rules regarding cease and desist proceedings." *Id.* In the very rules cited in the Order, 22 Tex. Admin. Code § 187.83(f) provides this instruction to Ms. Yannuzzi: "If after the issuance of a cease and desist order the individual wishes to appeal the entry of the order, *the individual may file a petition at the Travis County District Court.*" (emphasis added).

The Texas Supreme Court discusses this exact situation in *Mosley*. It is well-established that "[t]he failure to give adequate notice violates the most rudimentary demands of due process of law." *Mosser v. Plano Three Venture*, 893 S.W.2d 8, 12 (Tex. App.—Dallas 1994, no writ); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("The notice must be of such nature as reasonably to convey the required information."); *Mosley* at 265. Here, the Board's Cease and Desist Order instructs her to file a petition in order to appeal the order. This Court should not prevent Ms. Yannuzzi

10

from her right to judicial review when she followed the instructions she was told.

Ms. Yannuzzi has a due process right to her "good name, reputation, honor, or integrity is at stake because of what the government is doing to [her]." *Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995). Ms. Yannuzzi undoubtedly has a liberty interest entitled to due-process protection; the placement of her name in a public order damages her personal and professional reputation. *Id.* at 929-30. And like the petitioner in *Mosley*, Ms. Yannuzzi has a statutory right to judicial review.

This situation is nearly identical to *Mosley*. As the Supreme Court explained in granting relief:

> The notice to Mosley—the letter and regulation on which it relies—effectively said her career would be over unless she filed for judicial review within thirty days. It failed to state the need to first file a motion for rehearing and affirmatively misrepresented that filing a petition for judicial review was the appropriate and necessary next course of action.
> …
> [W]e conclude the notice sent to Mosley and the regulation it quoted were so misleading as to prevent Mosley from filing the motion for rehearing the APA requires. Consequently, we hold that the Agencies violated Mosely's due-course-of-law rights. . . Because "the remedy for a denial of due process is due process," *Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 933 (Tex. 1995), we remand Mosley's case to the Commission to allow Mosley an opportunity to file her motion for rehearing.

*Mosley* at 267-68.

Chief Justice Blacklock's concurrence in *Mosley* is more blunt:

Instead of helping Mosley avoid the procedural mines, it turns out the government's letter—and its rule—instructed her to step right on top of one by pursuing judicial review without first seeking rehearing at the agency. And now the same government that asks courts to put our faith in agency rulemaking says a regular citizen like Mosley was naive to do so. According to the government, instead of simply following its administrative rule, Mosley should first have read Chapter 48 of the Human Resources Code. Then she should have read Chapter 2001 of the Government Code, because Chapter 48 of the Human Resources Code refers to it. Then she should have compared those statutes to the Administrative Code sections quoted in the government's letter. Next, she should have correctly discerned that the Administrative Code sections quoted in the letter do not comport with the requirements of the Human Resources Code and the Government Code on the necessity of a motion for agency rehearing. After reaching that conclusion, she should have known that, even though in some sense the Administrative Code has "the force of law," it is nevertheless inferior to statutes. She therefore should have followed the statutes instead of the rules and moved for rehearing at the agency before seeking judicial review.

Of course, the incorrect administrative rule the government told Mosley to follow only existed because *the government itself* did not interpret the Human Resources Code and the Government Code to require a motion for agency rehearing prior to judicial review. So the government's position boils down to this: Mosley should have ignored our advice and then done a better job than we did of understanding our own administrative procedures. People already have plenty of reasons not to trust their government. Apparently now the government agrees it shouldn't be trusted. And it invites this Court to say that those who do trust the government—even to know its own

administrative procedures—may forfeit their right to judicial review of the government's deprivation of their liberty. The Court rightly rejects that invitation. The history of this case gives Texans little reason to trust their government agencies, but hopefully the Court's decision today helps to reinforce their trust in the Constitution.

*Mosley* at 270 (Blacklock, J. concurring in which Justice Devine and Justice Busby joined).


**IV.    The Specific Provision Governing Appeal of a Cease and Desist Order Requires a Petition, Not a Motion for Rehearing.**

The statutory provisions for judicial review of Cease and Desist Orders is articulated under Rule § 187.83(f) of the Texas Administrative Code ("If after the issuance of a cease and desist order the individual wishes to appeal the entry of the order, the individual may file a petition at the Travis County District Court."). Ms. Yannuzzi followed the exact same process for judicial review as indicated in *Brooks v. Tex. Med. Bd.*, No. 03-14-00239-CV, 2015 WL 3827327, at *1 (Tex. App.—Austin June 18, 2015, no pet.) ("At the conclusion of the hearing, the Board ruled in favor of issuing a cease-and-desist order. Brooks challenged that order by filing suit in a Travis County district court. The district court affirmed the Board's decision, and this appeal followed.")

Ms. Yannuzzi properly filed for judicial review according to the terms of the Cease and Desist Order and the trial court had subject matter jurisdiction. If this Court finds that the trial court lacked jurisdiction, this Court should direct the Texas Medical Board to reinstate her case to afford her an opportunity to seek rehearing of the order in order to seek judicial review should the Board deny rehearing.

Respectfully submitted,

By: /s/ *David M. Gonzalez*
   DAVID M. GONZALEZ
   State Bar No. 24012711

**SUMPTER & GONZÁLEZ, L.L.P.**
1100 B Guadalupe Street
Austin, Texas 78701
david@sg-llp.com

ATTORNEY FOR APPELLEE
GRAYCE YANNUZZI

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the margin, spacing, and typeface requirements pursuant to Tex. R. App. P. 9.4(b)-(g). This supplemental brief contains 2,301 words based upon the word count feature of Microsoft Word, the computer program used to prepare this document.

By: /s/ *David M. Gonzalez*
DAVID M. GONZALEZ

## CERTIFICATE OF SERVICE

I hereby certify that Appellee's Supplemental Brief has been served on all counsel of record via the Court's electronic filing system this the 9th day of May, 2025, specifically to:

TED A. ROSS
Texas State Bar No. 24008890
Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
ADMINISTRATIVE LAW DIVISION
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4191

By: /s/ *David M. Gonzalez*
DAVID M. GONZALEZ

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Carina Vockell on behalf of David Gonzalez
Bar No. 24012711
carina@sg-llp.com
Envelope ID: 100668994
Filing Code Description: Other Brief
Filing Description: Supplemental Brief of Appellee
Status as of 5/9/2025 3:58 PM CST

Associated Case Party: Grayce Yannuzzi

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Gonzalez | | david@sg-llp.com | 5/9/2025 3:56:19 PM | SENT |

Associated Case Party: Texas Medical Board

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeff Lutz | | jeff.lutz@oag.texas.gov | 5/9/2025 3:56:19 PM | SENT |
| Ted Ross | | ted.ross@oag.texas.gov | 5/9/2025 3:56:19 PM | SENT |
| Lauren McGee | | lauren.mcgee@oag.texas.gov | 5/9/2025 3:56:19 PM | SENT |